**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| GOLDEN OIL COMPANY, | § | Case No. 03-36974-H2-11 |
| | § | Chapter 11 |
| Debtor. | § | |

<u>Exhibit 6.4 - Statement on Claims Analysis and Attachments</u>

This Claims Analysis is meant to be part of the Disclosure Statement in Support of the Debtor's Third Amended Plan of Reorganization. The claims listed herein will be objected to by the filing of a separate objection, unless otherwise compromised, such as by the MLG Settlement.

The Debtor originally intended to object to the "Lotspeich" claimants, typified by the claims of George Lotspeich, Elliot Slusky and other holders of working interests and limited partnership interests. Most of these claimants are part of the MLG and will have their claims compromised as Class 5 claims in the Third Amended Plan.

With limited exceptions, holders of working interests or partnership shares owe money to the Debtor, instead of having money owed from the Debtor. The Debtor is authorized under the Operating Agreement to assess expenses against the working interests. The Debtor operated the wells at a loss to maintain production. These losses were allocated to the working interests. The Debtor also has incurred and will incur plugging costs, for which accounting rules require the Debtor to make provision. Accordingly, those costs were estimated and assessed against the interests held by these claimants. As shown by the accounts receivable report attached to the Disclosure statement as Exhibit 3.4.3.5, the Debtor believes that most of these interests owe money to it. Accordingly the claims by the following working interest / partnership holders are objectionable, unless otherwise provided for, such as through the MLG Settlement:

L:\mce004\00001\0325357.WPD\HMR

Claim #3, Brown Development - also no amount was specified
Claim # 15, Harvey & Elliot Slusky
Claim # 16, Consolidated North American Resources
Claim # 20, Lillian Crabtree
Claim # 23, Pamela Mayhew
Claim #24, Michael Osberg
Claim #25, William Mayhew
Claim #26 Chace Oil Co.
Claim #27 El Pamco, Inc.
Claim #28 Dave P. Elkins
Claim #29 Lynn Elkins
Claim #30 Thomas Muchmore
Claim #31 Dorothy R. Day
Claim #32 H.F., Jr. & E.K. McKay Trust
Claim #33, Gary Berkshire
Claim #34, Boyle Irrevocable Trust
Claim #35, EOG Resources Inc
Claim #37, Faye berkshire
Claim #38, Linda Oberg
Claim #39, Horace McKay
Claim #40, Malcolm Colberg
Claim #41, Pauline Hyder
Claim #42, Daniel Boyle
Claim #43, Steven Hyder
Claim #44, Charles Cobb, V
Claim #45, Patrick O Russell
Claim #46, Richard Hyder
Claim #47, D.J. Elkins
Claim #48, Michael T. Hamilton
Claim #49, Donald Welker
Claim #50, Fred J Matteucci
Claim #51, Camille McRae J.V.
Claim #52, Royce McCary
Claim #53, Frank A Welker
Claim #54, Andre Birdwell
Claim #55, O L Ely
Claim #56, Babetta Berkshire
Claim #57, George O Lotspeich
Claim #58, Kyle E Rutledge

Unless settled in the MLG Settlement, or otherwise compromised before the Effective Date, these claimants will be required to pay the estate the amount assessed or forfeit their interests. In

the case of working interest owners who refuse to pay, the Debtor may institute legal action to collect amounts owed.

The Second kind of objectionable claim is the protective claim filed by the New Mexico Energy, Minerals, and Natural Resources Department (#65, 66), and the Bureau of Indian Affairs ("BIA") (Claim #62). These claims are for estimated future plugging costs that the Debtor has not yet incurred. The Debtor is not seeking to discharge future plugging costs and will specifically except them from discharge if needed. However, the costs are not amounts owed and are not debts - defined by the bankruptcy code as "liability on a claim". Accordingly, Claims #63, 65 and 66 are objectionable and a claim objection has been filed.

The third objectionable claim is that of the Mineral Management Service ("MMS") (such as Claim #22,63) for "recalculated" royalties. These royalties were re-assessed with interest as far back as 1984. They are barred by limitations. Moreover, they are wrong. They assess royalties using a version of "major portion pricing" that is not correctly applied to the Debtor. Plan proponents have objected to the MMS claims.

Finally, a claim by the former employee, Michael Bisone (Claim #2) has been satisfied from the state unemployment fund. Accordingly, the Debtor or other party in interest will object to the claim.