IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 03-36974-H2-11 |
| GOLDEN OIL COMPANY | § | |

**ORDER SETTING HEARING**
**ON EMERGENCY MOTION TO APPROVE PLAN MODIFICATION (doc # 291)**

    On May 26, 2004, the Debtor filed a "Notice of Plan Modification" (docket # 290). With the Notice, the Debtor filed an Emergency Motion to Approve Plan Modification (docket # 291).

    The Emergency Motion states that the motion must be ruled on prior to May 28 or else it will become moot. No explanation is given. The Court can discern no logical reason why that would be. The Court can only speculate that the reason why counsel seeks emergency relief is to avoid bringing witnesses to the confirmation hearing. For reasons set forth below, the Court believes that granting the relief proposed by the plan proponent in the proposed form of order on one day's notice would be premature. If the only emergency is avoidance of inconvenience to witnesses having to appear at a hearing, the Court considers that to be insufficient to grant the relief requested on one day's notice. The Emergency Motion assures the Court that the amendment is immaterial. Counsel is in the best position to assess the validity of that argument, and therefore the need to have witnesses in attendance.

    As counsel points out, the Bankruptcy Code provides that the proponent may modify a plan at any time before confirmation. No court permission is required. So it is not clear why counsel seeks approval of the modification prior to the hearing.

    Frequently, counsel for a plan proponent at a confirmation hearing propose a plan modification and ask the Court to conclude that because the modification is immaterial, § 1127(c) does not require further disclosure and § 1127(d) does not require additional time to allow creditors who have voted on the plan to change their votes. Counsel did not refer to either form of relief in the Emergency Motion. In the proposed form of order, counsel asked for the latter, but not the former. But, in any event, the Court is unwilling to make either of those determinations solely on the basis of counsel' pleadings, without a hearing, on one day's notice to the parties in interest in the case.

Therefore, the Court will consider the motion at the confirmation hearing.

SIGNED _____

_____
WESLEY W. STEEN
UNITED STATES BANKRUPTCY JUDGE