E-FILED
MAY 2 6 2004

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| GOLDEN OIL COMPANY, | § | Case No. 03-36974-H2-11 |
| | § | Chapter 11 |
| Debtor. | § | |

## PLAN MODIFICATION

Ralph T. McElvenny, Jr., Aeropanel Corporation, Instrument Specialties Co., Inc., and the Debtor (collectively "Plan Proponents"), pursuant to 11 U.S.C. §1127(a) and Fed. R. Bankr. P. 3019, and subject to court approval, modify the plan as follows:

### Section 4.2

1. At the Disclosure Statement Hearing, the Plan Proponents agreed to modify the plan to provide that objections to administrative claims must be filed within 20 days of the administrative claim. Thus, the reference to a 70 day period to object to administrative claims has been changed to the court-standard 20. The Section 4.2 now reads, in its entirety:

> All objections to allowance of Administrative Expense Claims must be filed by any parties in interest within the Court's standard submission deadline of 20 days after the Application for Administrative Expense Claim is filed. If no objection to the applicable Administrative Expense Claim is filed on or before that date, such Administrative Expense Claim shall be deemed Allowed as of that date.

The version of Plan mailed to all creditors included the above language.

### McElvenny's Legal Fees

2. Also at the Disclosure Statement hearing, while the Disclosure Statement was modified to remove the reference to the legal fees of Mr. McElvenny, there was vestigial language in the Plan. To correct this, the parties agreed that the language "and increase the claim by the


EXHIBIT B

amount of attorney's fees expended by McElvenny in this Case" is deleted from section 5.2.1 of the Plan. The version of the plan sent to all creditors included this modification.

### Settlement with Energen

3. The Debtor has compromised with Energen, a creditor in class 3, who has a special position as lessor of the Debtor's major wells. The compromise with Energen is substantially outlined by Energen's Objection filed recently. Thus, the treatment for Energen will be as follows in new paragraph 6.13 of the Plan:

> 6.13 Energen has filed a proof of claim in excess of $1.7 Million. Pursuant to Fed. R. Bankr. P. 9019, this Plan shall constitute a motion to compromise with Energen, to the extent a motion is needed. The Energen claim will be satisfied by the following, subject to further documentation and bankruptcy court approval:
> 6.13.1 On the Effective Date, the Reorganized Debtor will pay Energen $100,000. Thirty days later, it will pay Energen $50,000. Thirty days later, it will pay $30,000.
> 6.13.2 When the compromise with Energen is approved by the Court, the Debtor will place $25,000 into a separate account for the satisfaction of costs for the plugging and abandonment of wells, under the control of a disbursing agent or third party acceptable to the parties. Money from the already established escrow account shall be placed into the escrow account.
> 6.13.3 Every month, the Debtor shall pay $1,588.00 into the plugging and abandonment escrow.
> 6.13.4 The Escrow will not be used to plug wells in the next six years following the Effective Date. The Debtor must plug wells within the next six years using cash flow.
> 6.13.5 Mr. McElvenny and the other plan proponents agree to grant a first lien, superior to their liens, for $14,000 per well in the 47 lease to satisfy plugging and abandonment costs, cross-collateralized in all wells in the 47 lease, such lien to be exercised only if Golden does not Plug and abandon wells timely.
> 6.13.6 The parties anticipate additional documentation of the transactions discussed in this paragraph separately from the Plan, including mutual releases.

### Settlement with EOG

4. The Debtor has settled with EOG as well. EOG's claim will be satisfied in full as follows in the new paragraph 6.14:

> 6.14 The Claims by EOG against the Debtor and those by the Debtor against EOG

shall be satisfied in the following manner, subject to any further documentation reasonably necessary between the parties: As to the Overriding Royalties due to EOG ($57,254.89), the Reorganized Debtor will pay $35,000.00 on the Effective Date, and the balance of $22,254.89 thirty days later. The Debtor will buy EOG's overriding royalty interest for $5,000.00, payable on the Effective Date. As to the Working Interest balance due to Golden Oil Company ($59,584.88), the Debtor will forgive the balance due, but EOG forfeits the working interest in satisfaction of the obligation.

WHEREFORE, PREMISES CONSIDERED, the Plan Proponents ask that Plan be confirmed as modified, or for such other relief to which they may show themselves entitled.

DATED: May 26, 2004.

Respectfully submitted,

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

BY: _____
EDWARD L. ROTHBERG
State Bar No. 17313990
HUGH M. RAY, III
State Bar No. 24004246
1400 Summit Tower
Eleven Greenway Plaza
Houston, Texas 77046
Telephone: (713) 961-9045
Facsimile: (713) 961-5341

ATTORNEYS FOR RALPH T. MCELVENNY, JR., AEROPANEL CORPORATION, AND INSTRUMENT SPECIALTIES CO., INC.

## CERTIFICATE OF SERVICE

On May 26, 2004, I hereby certify that a true and correct copy of the foregoing documents was served via electronic to all parties listed on the ECF list, and as shown by a subsequent supplemental certificate of service:

_____
Hugh M. Ray, III