IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| GOLDEN OIL COMPANY, | § | CASE NO. 03-36974-H2-11 |
| | § | Chapter 11 |
| Debtor. | § | |

**FIRST AND FINAL FEE APPLICATION OF DEBTOR'S SPECIAL
PURPOSE COUNSEL FOR ALLOWANCE OF COMPENSATION FOR
SERVICES AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
BEGINNING JUNE 8, 2004 THROUGH OCTOBER 12, 2004**

---

**NOTICE**

PLEASE TAKE NOTICE THAT A HEARING WILL BE CONDUCTED ON THIS MATTER ON NOVEMBER 22, 2004, AT 3:00 P.M., IN COURTROOM 400, 4th FLOOR, HOUSTON, TEXAS. IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING.

YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT PRIOR TO THE HEARING. YOU MUST GIVE A COPY OF YOUR RESPONSE TO THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

---

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The firm of Weycer, Kaplan, Pulaski & Zuber, P.C. ("Applicant") respectfully represents:

1. Applicant was appointed special litigation counsel for GOLDEN OIL COMPANY. ("Golden Oil" or "Debtor"), in the above procceding pursuant to 11 U.S.C. §328, and makes this First and Final Fee Application for Allowance of Compensation ("Application"), pursuant to Section

{L:\gol051\00001\0351194 WPD,1\KJM}

330 of the United States Bankruptcy Code ("Code"), for professional services rendered and for reimbursement of out-of-pocket expenses necessarily incurred by Applicant in the representation of the Debtor.

### Proceedings

2.      This Chapter 11 case was filed on May 12, 2003.

3.      On June 22, 2004, the Court entered an Order authorizing Applicant to act as counsel for the Debtor in all matters arising in this proceeding [Docket #345]. A copy of such Order is attached as Exhibit "A." Applicant has filed with the Court a statement disclosing the basis of compensation, any connections with the Debtor (and other parties referenced in Rule 2014), a copy of which is attached hereto as Exhibit "B."

### Prior Fee Applications

4.      No prior applications requesting legal fees have been filed by Applicant.

### First and Final Fee Application

5.      This is Applicant's First and Final application for compensation. Debtor deposited with Applicant the sum of $31,464.22 (the "Retainer"), to be held in trust by Applicant and not applied to fees without court order. The retainer is still held in trust.

6.      Exhibit "C" contains a list of all members of Applicant who performed services on behalf of Debtor. Exhibit "C" also contains the number of hours worked by each attorney, the hourly fees charged by each attorney at the total fees charged by each attorney.

7.      This Final Application covers the allowance of compensation for professional services performed from June 8, 2004 through and including October 12, 2004.

8. During the period covered by this Application, Applicant expended a total of 494.10 hours for professional services rendered on behalf of the Debtor. A complete and itemized accounting of the foregoing time is provided in Exhibit "D" attached hereto, which Exhibit records the daily time reports of the Applicants, including a description of the nature and substance of the services rendered, and costs incurred, the date on which the services were performed and costs advanced, and the attorney, clerk, or paralegal, who performed the services and the amount of time actually spent. Accordingly, and based on such rates, the value of the professional services rendered by Applicant during the period June 8, 2004 through October 12, 2004, totals $91,382.50 of professional fees and $3,335.39 of expenses, in an aggregate amount of $94,717.89.

9. The fees and expenses during the applicable period are broken down as follows:

| Period | Fees | Expenses | Total Fees/Expenses |
|---|---|---|---|
| 06/08/04 to 06/25/04 | $ 21,460.00 | $ 4.22 | $ 21,464.22 |
| 06/26/04 to 07/25/04 | 19,508.50 | 1,702.68 | 21,211.18 |
| 07/26/04 to 08/25/04 | 26,993.00 | 1,466.26 | 28,459.26 |
| 08/26/04 to 09/25/04 | 21,402.00 | 152.63 | 21,554.63 |
| 09/26/04 to 10/12/04 | 2,019.00 | 9.60 | 2,028.60 |
| TOTAL INCURRED | **$91,382.50** | **$3,335.39** | **$94,717.89** |

10. During the period June 8, 2004 through October 12, 2004, covered by this final application, Applicant incurred aggregate expenses in the amount of $3,335.39. Itemization of the

3

{L:\gol051\00001\0351194.WPD;1\KJM}

expenses incurred in the performance of the legal services by category is included in the aggregate Applicant's Exhibit "E".

11.  A resume of the members of Applicant=s firm is attached hereto as Exhibit "F".

12.  An analysis of the twelve (12) factors set forth in the case of In re First Colonial Corporation of America, 544 F.2d 1291 (5th Cir. 1977) governs the Court's determination of the propriety of the fee requested by Applicant. An analysis of those factors is attached hereto as Exhibit "G".

13.  There is no agreement or understanding between Applicant and any other person for the sharing of compensation except as allowed by Bankruptcy Rule 2016. All professional services for which allowance of compensation is requested were performed by Applicant for and on behalf of the Debtor and not on behalf of any committee, creditor or any other person.

## SUMMARY OF SERVICES RENDERED

14.  The United States Department of the Interior, Minerals Management Service ("MMS"), in conjunction with the Jicarilla Apache Nation[2] sought to collect royalties claimed owed from 1984 to 1995 based on a "recalculation" of amounts paid based on "major portion" royalties. The "calculation" was actually the theoretical maximum lawful price, based on a 1980's reserve report forecasting prices through 1995. The MMS was required to compute the royalties in conformity with its regulations. Instead, the MMS violated those regulations to assess a $3 Million claim. The MMS eventually conceded the issue - after five months of heavy litigation. In the meantime, Golden Oil had been forced to expend time in fees and expenses defending the contested

---

[2]An Executive Order Reservation in Northern New Mexico, hereafter "the Jicarilla"

matter. Because the claim was submitted in clear violation of regulations, it was not "substantially justified" and Golden Oil sought (and has been granted) $75,000 to offset the legal fees and costs.

15.   <u>Results obtained justify the increased fee</u>. The results obtained in this litigation were astounding. Counsel uncovered a scheme by the MMS to assess oil companies $71 million in violation of regulations. This same issue had been investigated by numerous other firms, to no result. Other, larger, firms had litigated their "major portion" claims for over 5 years and lost. However, Golden (using the undersigned counsel) was able to force the MMS to withdraw its $3 Million dollar claim after only 5 months, grant EAJA fees of $75,000, and dismiss a non-royalty claim for $124,000.

16.   <u>Fees and costs were necessary expenditures</u>. The location of the documents and their sheer number required extensive travel. In Colorado, counsel ran two copiers for two days nonstop. In Dallas, after dealing with allegations that no responsive documents existed, counsel obtained over 30,000 pages of relevant documents over a five day period, including e-mails used in the deposition of Joseph Cornellisson. All in all, over 60,000 pages were bates-labeled by the MMS, which documents had to be reviewed and organized for use at trial and depositions. Counsel then prepared for and took two depositions, and employed experts to consult on the appropriateness of the analysis performed.

17.   <u>Fees Incurred Drafting Application</u>. The fees incurred drafting this fee application should be compensable because they were necessary for preparation of Golden's "case" within the meaning of the bankruptcy code.

18.   <u>The fees incurred were necessary</u>. The Debtor could not have reorganized without disallowance of the claim. As a result of the disallowance, the Debtor was relieved of over $3

5

million of debt. Also, the fees will be offset by EAJA payments, and any retainer balance refunded to the client.

19.     Final Application. Applicant requests the Court to authorize compensation to be paid to Applicant for the period (i.e. June 8, 2004 through October 12, 2004) in the amount of $91,460.00, representing the value of services performed during the period covered by this Application, plus the amount of $2,500.00 for the final preparation and copying of this application. In addition, Applicant requests that this Court authorize reimbursement to it for out-of-pocket expenses totaling $3,335.39 incurred during this period.

WHEREFORE, Applicant requests that:

1.  The Court authorize payment and reimbursement to Applicants of the sum of $91,382.50 in fees and $3,335.39 in expenses, plus $2,500.00 for the preparation and copying of the final fee application, which is the aggregate sum of $97,217.89 less the amount of $31,464.22 (which represents the aggregate amount of the retainer account) for a final balance due of $65,753.67. It is anticipated that EAJA compensation for legal fees will be paid to Applicant in the amount of $75,000, in which case any excess will be refunded to Golden Oil as the reorganized debtor.

2.  The Court authorize the Reorganized Debtor to make payment from any funds currently available; and

3.  The Court grant such other and further relief to which Applicant may show itself to be justly entitled.

DATED:      October 29, 2004.

        Respectfully submitted,

        WEYCER, KAPLAN, PULASKI & ZUBER, P.C.


        By:      */s/  Edward L. Rothberg*
             EDWARD L. ROTHBERG
             State Bar No. 17313990, Fed. I.D. No. 2780
             HUGH M. RAY, III
             State Bar No. 24004246, Fed. I.D. No. 22090
             Eleven Greenway Plaza, Suite 1400
             Houston, Texas 77046
             Telephone: (713) 961-9045
             Facsimile:  (713) 961-5341

        SPECIAL COUNSEL FOR DEBTOR


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was forwarded by first class mail, postage prepaid and/or by electronic mail on the October 29, 2004, to all parties listed on the attached Service List.


        */s/ Edward L. Rothberg*
        EDWARD L. ROTHBERG

{L:\gol051\00001\0351194.WPD;1\KJM}

In re Golden Oil Company
Case No. 03-36974

Golden Oil Company
Attn: Ralph McElvenney
2200 Post Oak Blvd, S-720
Houston, Texas 77056

Peter Johnson
Law Offices of Peter Johnson
Eleven Greenway Plaza
2820 Summit Tower
Houston, TX 77046

Hector Duran
United States Trustee
515 Rusk Ave., Suite 3516
Houston, TX 77002

**Committee of Unsecured Creditors:**

Nortex Corporation
Attn: Al Dugan
1415 Louisiana, Suite 3100
Houston, TX 77002

Energen Resources fka Taurus Exploration
Attn: Joe (Rusty) Cook
605 Richard Arrington Jr. Blvd N.
Birmingham, AL 35203-2707

George Lotspeich
4011 Mesa Verda
NE Albuquerque, NM 87110

Douglas S. Draper, Esq
Heller, Draper, Hayden, Patrick & Horn
650 Poydras St., Suite 2500
New Orleans, LA 70130

Phillip Eisenberg, Esq./Elizabeth Freeman, Esq.
Locke, Liddell & Sapp, LLP
600 Travis Street
3400 Chase Tower
Houston, TX 77002