UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| **Golden Oil Company** | § | CASE NO. **03-36974-H2-11** |
| *a Delaware Corporation* | § | |
| | § | |
| DEBTOR | § | (CHAPTER 11) |

Doc. #318

### ORDER AUTHORIZING DEBTOR-IN-POSSESSION TO EMPLOY WEYCER KAPLAN, PULASKI & ZUBER. AS SPECIAL PURPOSE COUNSEL FOR THE DEBTOR-IN-POSSESSION

On Consideration of the Motion of the Debtor-in-Possession to employ the WEYCER, KAPLAN, PULASKI & ZUBER, P.C. AS SPECIAL PURPOSE COUNSEL FOR THE DEBTOR-IN-POSSESSION as Special Purpose Counsel for the estate, it appears that the employment of counsel is necessary and in the best interest of the estate, it is

ORDERED that Golden Oil Company, Debtor-in-Possession is authorized to employ WEYCER, KAPLAN, PULASKI & ZUBER, P.C AS SPECIAL PURPOSE COUNSEL FOR THE DEBTOR-IN-POSSESSION with Hugh M. Ray, III, Esquire, designated as attorney-in-charge, to perform legal services outlined in the Motion of Debtor-in-Possession, with compensation to be paid from the Debtor's estate pursuant to 11 U.S.C. §330 and §331 in such amounts as may be allowed by the Court. It is further

ORDERED that employment of WEYCER, KAPLAN, PULASKI & ZUBER, P.C is approved effective as of the date of the filing of the Motion to Employ, with such firm having the right to seek compensation from the estate for services rendered in accordance with BLR 2014(b)(1).

DATED:  June 19, 2004

*Wesley W. Steen*

_____
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT**
*tabbies*
A

ENTRY REQUESTED:

_____

Peter Johnson
Attorney at Law
Eleven Greenway Summit, Suite 2820
P.O. Box 980877
Houston, Texas 77098-0877
(713)552-0025
(713)552-1433 fax
pjohnson@pjlaw.com
State Bar of Texas No. 10778400
Attorney for Debtor-in-Possession

## DECLARATION OF HUGH M. RAY, III

I, Hugh M. Ray, III, declare under the penalties of perjury the following:

1.     I am a duly admitted to practice before all courts of the State of Texas, as well as this Court, the United States Supreme Court, and several other courts.  I have never been disciplined by the Bar, or convicted of a felony or crime of moral turpitude.

2.     I am an attorney at Weycer, Kaplan, Pulaski & Zuber, P.C., the law firm that the Debtor-in-Possession is seeking to employ by the Motion to which this Declaration is attached. All the members and associates of this law firm are similarly and duly admitted to practice in this State and before this Court.

3.     Weycer, Kaplan, Pulaski & Zuber, P.C. has substantial experience in bankruptcy claims litigation and is already litigating with the MMS.  This firm is willing to accept employment on the basis set forth in the annexed Motion.

4.     Weycer, Kaplan, Pulaski & Zuber, P.C. has no connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee, except as follows:

Weycer Kaplan, Pulaski & Zuber, P.C.  represents Ralph T. McElvenny, Aeropanel Corporation, and Instrument Specialties Co., Inc., in all respects with regard to the Debtor's bankruptcy proceeding.  Weycer Kaplan may generally represent Mr. McElvenny with regard to other disputes, such as a dispute with an automobile mechanic.  Weycer Kaplan is a Houston bankruptcy firm, which means that it has generally worked with and against other Houston bankruptcy firms over the years in other cases.  Otherwise, Weycer Kaplan has no other connections with the aforementioned persons.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of June, 2004.

_____
Hugh M. Ray, III

**EXHIBIT**

B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE:                                    §
                                          §
GOLDEN OIL COMPANY,                       §          CASE NO. 03-36974-H2-11
                                          §          Chapter 11
                Debtor.                   §

## EXHIBIT C - FIRST AND FINAL APPLICATION
## FOR COMPENSATION BY SPECIAL COUNSEL FOR DEBTOR

### SUMMARY OF PROFESSIONAL FEES BY INDIVIDUAL PERFORMING SERVICE

| **Partners** | **Hours** | **Rate/Hour** | **Amount** |
|---|---|---|---|
| Edward L. Rothberg | 48.65 | $290.00 | $ 14,108.50 |
| **Associates** | | | |
| Hugh M. Ray, III | 360.75 | $190.00 | 68,542.50 |
| Michael J. Carlson | 45.45 | $120.00 | 5,454.00 |
| Jonathan D. Saikin | 2.00 | $110.00 | 220.00 |
| **Paraprofessionals** | | | |
| Stephen A. Kaplan* | 19.25 | $ 70.00 | 1,347.50 |
| Kathy J. Mayle** | 18.00 | $ 95.00 | 1,928.50 |
| **TOTALS:** | **494.10** | | **$ 91,382.50** |

*Law Clerk
**Paralegal

{1.:\gol051\00001\0351194.WPD;1\KJM}



EXHIBIT

C

# Weycer, Kaplan, Pulaski & Zuber, P.C.

Attorneys at Law
1400 Summit Tower
Eleven Greenway Plaza
Houston, Texas 77046-1104
Ph (713) 961-9045   Fax (713) 961-5341
Tax ID No. 76-0324793

July 1, 2004

GOLDEN OIL COMPANY
2200 POST OAK BLVD., SUITE 720
HOUSTON, TX  77056

Invoice No.      48840
Our File No.     GOL051     00001
Billing Through: 6/25/04

SPECIAL COUNSEL - LITIGATION

## FOR PROFESSIONAL SERVICES RENDERED

| Date | Init | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 6/9/04 | HMR | Research whereabouts of David Wong for alternate subpoena locations; review and finalize subpoena duces tecum to Wong. | 1.25 hr | 190 / hr | 237.50 |
| 6/9/04 | KM | Coordinate location of deposition of Mr. Wong; telephone discussions with multiple hotels and services; prepare subpoena for David Wong. | 1.50 hr | 95 / hr | 142.50 |
| 6/10/04 | HMR | Review brief exhibits by MMS (no brief was filed).  Plan for depositions; review law on major portion pricing. | 1.00 hr | 190 / hr | 190.00 |
| 6/10/04 | KM | Prepare Notice of Deposition and Subpoena Duces Tecum; serve same on David Wong. | 1.00 hr | 95 / hr | 95.00 |
| 6/11/04 | HMR | Review brief in bayless case for application to MMS objection. | 1.75 hr | 190 / hr | 332.50 |
| 6/11/04 | HMR | Research opposition to nonresistant brief (assume text of brief) and begin drafting motion for summary judgment on limitations. | 3.00 hr | 190 / hr | 570.00 |
| 6/11/04 | HMR | File notice with the court that the MMS's filing is incomplete. | 0.50 hr | 190 / hr | 95.00 |
| 6/12/04 | HMR | Review documents filed by MMS (1.0); research law on incomplete filings (.5); draft motion to strike or for extension of time to respond to Docket #321 (2.2); commence preparation of response to summary judgment by researching regulations and laws relating to appeal of adminsitrative orders (1.1). | 4.80 hr | 190 / hr | 912.00 |
| 6/14/04 | HMR | Receive and review Motion for Summary Judgment filed by the MMS (1.9); Research law on finality of administrative orders, timeliness,and waiver for trial of issues or for summary judgment (6.6); Begin drafting response (5.3); conference call with client about evidence needed to respond to summary judgment motion (1.5) | 15.30 hr | 190 / hr | 2,907.00 |



EXHIBIT
D

GOLDEN OIL COMPANY | GOL051 - 00001 | Invoice | 48840 | Page 2

| Date | Initials | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 6/14/04 | MJC | Reviewed and submitted amendments to Golden documentation relating to subordination agreement, escrow agreement, and memoranda on operating agreements. | 0.70 hr | 120 / hr | 84.00 |
| 6/14/04 | MJC | Received and reviewed MMS' Motion for Summary Judgment in preparation for Golden's response. | 0.60 hr | 120 / hr | 72.00 |
| 6/14/04 | MJC | Began researching issues in preparation for trial. Researched standard of review of administrative decision by Bankruptcy Court. Researched exceptions to appellate timetable. Researched issue of proof of claim as claim for money damages in Bankruptcy Court. | 2.50 hr | 120 / hr | 300.00 |
| 6/14/04 | MJC | Researched case law and analytical materials on issue of governmental waiver of beginning to time to file appeal. Researched issue of potential de novo review in accordance with statutory allowance. Researched issue of "order to perform" as final order for purposes of appellate review timetable. | 1.60 hr | 120 / hr | 192.00 |
| 6/15/04 | ELR | Review MMS motion for summary judgment; review and revise responses. | 2.00 hr | 290 / hr | 580.00 |
| 6/15/04 | HMR | Review and revise and file proposed confirmation order with signatures. | 1.50 hr | 190 / hr | 285.00 |
| 6/15/04 | HMR | Continue to review MMS Motion for Summary judgment for response (.9); Continue drafting revisios to response to summary jugment of the MMS (1.0); Review MMS adminsitrative pleadings (1.1); Review regulations and administrative proceduers (.6); Research statutes of limitations and applicable statutory enactments (3.8); Research regarding public policy and 106 issues (.4). Draft Motion for Summary Judgment (2.1); Office conference with Mr. Rothberg regarding our motion for summary judgment and response (.6); Discuss case with client and witness (1.1); Review and revise affidavit regarding summary judgment (.8); Draft revisions to response for summary judgment and file (2.6). | 15.00 hr | 190 / hr | 2,850.00 |
| 6/15/04 | MJC | Continued researching case law and analytical materials pertaining to proof of claim as equivalent to filing lawsuit for purpose of limitations defense. Researched alternative avenues to substantiate limitations defense. | 1.50 hr | 120 / hr | 180.00 |

GOLDEN OIL COMPANY          GOL051 - 00001          Invoice      48840          Page 3

| Date | Init | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 6/15/04 | MJC | Researched case law and analytical materials interpreting Bankruptcy Rule 3002. Researched definition and interpretation of term "lawsuit" for purposes of substantiating limitations defense. Conference with Hugh Ray re: issues researched and further issues to address in preparation for trial. | 1.00 hr | 120 / hr | 120.00 |
| 6/15/04 | MJC | Researched case law and analytical materials regarding exceptions to general APA standard of review in preparation for trial.  Researched judicial discretion of bankruptcy judge in reviewing decisions rendered under the APA. | 1.10 hr | 120 / hr | 132.00 |
| 6/16/04 | ELR | Review response to motion for summary judgment. | 0.50 hr | 290 / hr | 145.00 |
| 6/16/04 | HMR | Draft and file supplemental certificate of service forresponse to motion for summary judgment. | 0.50 hr | 190 / hr | 95.00 |
| 6/16/04 | HMR | Telephone conferences with Taradash firm regarding deposition of David Wong (.3); Telephone conference with client regarding deposition of Wong and MMS document production (.5): Telephone conferences with MMS regarding document issues (.7). | 1.50 hr | 190 / hr | 285.00 |
| 6/16/04 | HMR | Review documents relating to issue of David Wong's knowledge. | 1.00 hr | 190 / hr | 190.00 |
| 6/16/04 | HMR | research regarding subpoena issue for compulsion of deposition of David Wong. | 0.60 hr | 190 / hr | 114.00 |
| 6/16/04 | SAK | Researched case law on arbitrary and capricious standard. | 1.50 hr | 70 / hr | 105.00 |
| 6/17/04 | ELR | Review reply brief filed by MMS. | 0.25 hr | 290 / hr | 72.50 |
| 6/17/04 | HMR | Review thousands of documents obtained from third party source relating to MMS' actions in conjunction with the Jicarilla. | 4.60 hr | 190 / hr | 874.00 |
| 6/17/04 | HMR | Prepare for hearing on Motion For Summary Judgment. | 2.00 hr | 190 / hr | 380.00 |
| 6/18/04 | ELR | Prepare for and attend summary judgment hearing. | 4.00 hr | 290 / hr | 1,160.00 |
| 6/18/04 | ELR | Review 5th Circuit unpublished case on statute of limitations. | 0.25 hr | 290 / hr | 72.50 |
| 6/18/04 | HMR | Prepare for and attend hearing on Summary Judgment and status of claim objection (3.4); Research Motion for Summary Judgment (1.1) begin drafting same (1.7); discuss status of case with counsel for MMS (.5); review documents provided by MMS (.5). | 7.20 hr | 190 / hr | 1,368.00 |
| 6/18/04 | SAK | Researched case law. | 4.50 hr | 70 / hr | 315.00 |
| 6/20/04 | HMR | Continue reviewing motion for summary judgment; find problems with previous arguments; review undisputed facts. | 3.50 hr | 190 / hr | 665.00 |
| 6/21/04 | ELR | Review and revise rough draft of motion for summary judgment on statute of limitations issue. | 0.75 hr | 290 / hr | 217.50 |

GOLDEN OIL COMPANY                    GOL051 - 00001          Invoice      48840          Page 4

| Date | | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 6/21/04 | ELR | Continue review and revision of motion for summary judgement on limitations questions; review case law in detail. | 3.50 hr | 290 / hr | 1,015.00 |
| 6/21/04 | HMR | Finish drafting filing of Motion for Summary Judgment, including drafting of declarations. | 9.90 hr | 190 / hr | 1,881.00 |
| 6/21/04 | SAK | Researched case law section 106 issues. | 1.75 hr | 70 / hr | 122.50 |
| 6/22/04 | ELR | Review affidavits in support of motion for summary judgment. | 0.50 hr | 290 / hr | 145.00 |
| 6/22/04 | HMR | Review thousands of additional pages of documents produced by the MMS. | 2.00 hr | 190 / hr | 380.00 |
| 6/23/04 | HMR | Telephone conference with Ms. Robbins about discovery issues. | 0.30 hr | 190 / hr | 57.00 |
| 6/23/04 | SAK | Drafted memo and researched case law on 106 issue. | 4.00 hr | 70 / hr | 280.00 |
| 6/24/04 | HMR | Review documents produced by MMS (3.0); call to client regardnig the "price bump" issue (.7); discuss issues relating to documents (.2). | 3.90 hr | 190 / hr | 741.00 |
| 6/25/04 | HMR | Telephone conferences with client regarding use of expert. | 0.50 hr | 190 / hr | 95.00 |
| 6/25/04 | HMR | Review document production issues and assign indexing to paralegal (.4); Telephone conferences with MMS counsel (.3); review status of Wong Subpoena (.3). | 1.00 hr | 190 / hr | 190.00 |
| 6/25/04 | HMR | Review privact act order for discovery protections, limitations of liability and related issues. | 0.40 hr | 190 / hr | 76.00 |
| 6/25/04 | KM | Work on discovery. | 1.50 hr | 95 / hr | 142.50 |

**Timekeeper Summary**

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Rothberg, Edward L | 11.75 | 290.00 | $3,407.50 |
| Ray, Hugh M | 83.00 | 190.00 | $15,770.00 |
| Mayle, Kathy | 4.00 | 95.00 | $380.00 |
| Carlson, Michael J | 9.00 | 120.00 | $1,080.00 |
| Kaplan, Steven A | 11.75 | 70.00 | $822.50 |
| **Total fees for this matter** | 119.50 hrs | | $21,460.00 |

**DISBURSEMENTS**

| | |
|---|---|
| Photocopy Expenses | 4.22 |
| **Total disbursements for this matter** | $4.22 |

GOLDEN OIL COMPANY            GOL051 - 00001          Invoice    48840          Page 5

**BILLING SUMMARY**

| | |
|---|---|
| TOTAL FEES | $21,460.00 |
| TOTAL DISBURSEMENTS | $4.22 |
| TOTAL CHARGES FOR THIS BILL | $21,464.22 |
| **TOTAL BALANCE NOW DUE** | $21,464.22 |

# Weycer, Kaplan, Pulaski & Zuber, P.C.

Attorneys at Law
1400 Summit Tower
Eleven Greenway Plaza
Houston, Texas 77046-1104
Ph (713) 961-9045   Fax (713) 961-5341
Tax ID No. 76-0324793

July 31, 2004

|  |  |  |
|---|---|---|
| Invoice No. | 49799 | |
| Our File No. | GOL051 | 00001 |
| Billing Through: | 7/25/04 | |

GOLDEN OIL COMPANY
2200 POST OAK BLVD., SUITE 720
HOUSTON, TX  77056

SPECIAL COUNSEL - LITIGATION

### PRIOR CHARGES

| | | |
|---|---|---|
| BALANCE FORWARD AS OF INVOICE DATED 7/1/04 | $21,464.22 |
| PAYMENTS RECEIVED SINCE LAST INVOICE | $0.00 CR |
| NET BALANCE FORWARD | $21,464.22 |

### FOR PROFESSIONAL SERVICES RENDERED

| Date | Atty | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 6/24/04 | KM | Work on document production for document review. | 6.00 hr | 95 / hr | 570.00 |
| 6/25/04 | KM | Continue working on document production for document review. | 2.00 hr | 95 / hr | 190.00 |
| 6/28/04 | ELR | Confer with Mr. Ray regarding reply to motion for summary judgment and attendance at Wong deposition. | 0.25 hr | 290 / hr | 72.50 |
| 6/28/04 | HMR | Meet with client to discuss Royalty in Kind issues and MMS claim. | 2.00 hr | 190 / hr | 380.00 |
| 6/28/04 | HMR | Review documents produced by MMS and discuss issue of 25% major portion. | 1.00 hr | 190 / hr | 190.00 |
| 6/28/04 | KM | Continue working on document production. | 1.50 hr | 95 / hr | 142.50 |
| 6/28/04 | SAK | Researched cases and prepared memo re: standard of review/Discretionary functions | 1.50 hr | 70 / hr | 105.00 |
| 6/29/04 | HMR | Review documents and discuss case with client. | 0.90 hr | 190 / hr | 171.00 |
| 6/29/04 | HMR | research Royalty In Kind issues, arms-length issues, the nature of payments, the status of payment (.9); discuss case with opposing counsel (.9). | 1.80 hr | 190 / hr | 342.00 |
| 6/29/04 | HMR | Telephone conferences with Taradash's firm regarding deposition (.5), Draft letter to same (.2). | 0.70 hr | 190 / hr | 133.00 |
| 6/29/04 | KM | Continue working on document production. | 1.50 hr | 95 / hr | 142.50 |
| 6/30/04 | HMR | Review response to motion for summary judgment and begin drafting reply. | 4.10 hr | 190 / hr | 779.00 |
| 6/30/04 | HMR | Review letter from Taradash's firm and draft and transmit response. | 1.00 hr | 190 / hr | 190.00 |

GOLDEN OIL COMPANY                     GOL051 - 00001        Invoice      49799         Page 2

| Date | Init. | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 6/30/04 | KM | Continue working on document production. | 2.00 hr | 95 / hr | 190.00 |
| 6/30/04 | MJC | Reviewed active Motion for Summary Judgment and response to Motion for Summary Judgment filed by the MMS in preparation for addressing MMS arguments in response motion. | 0.75 hr | 120 / hr | 90.00 |
| 6/30/04 | MJC | Conference with Hugh Ray re: issues to be researched in reponse to MMS' Response to Motion for Summary Judgment. | 0.20 hr | 120 / hr | 24.00 |
| 6/30/04 | SAK | Worked on memo and also conferred with Hugh Ray re:waiver. | 2.00 hr | 70 / hr | 140.00 |
| 7/1/04 | ELR | Telephone conference with Mr. Ray regarding response to motion for summary judgment. | 0.25 hr | 290 / hr | 72.50 |
| 7/1/04 | ELR | Review correspondence concering Wong deposition; draft email to Mr. Ray regarding same. | 0.30 hr | 290 / hr | 87.00 |
| 7/1/04 | ELR | Review response to motion for summary judgment filed by MMS. | 1.50 hr | 290 / hr | 435.00 |
| 7/1/04 | ELR | Commence review and revision of response to motion for summary judgment filed by MMS. | 2.50 hr | 290 / hr | 725.00 |
| 7/1/04 | HMR | Draft reply to motion for summary judgment; revise same (6.1); Research legal issues and case law for inclusion in reply (1.8); Telephone conferences with Mr. Rothberg regarding the changes to same (1.4). | 9.30 hr | 190 / hr | 1,767.00 |
| 7/1/04 | JDS | Research re: whether 10th circuit law applies because real property located in New Mexico | 1.00 hr | 110 / hr | 110.00 |
| 7/2/04 | ELR | Review and revise reply to motion for summary judgment; telephone conference with client regarding same. | 3.50 hr | 290 / hr | 1,015.00 |
| 7/2/04 | ELR | Draft letter and transmitting reply brief to court. | 0.30 hr | 290 / hr | 87.00 |
| 7/2/04 | ELR | Draft final revisions to reply to government's response to MSJ. | 0.50 hr | 290 / hr | 145.00 |
| 7/2/04 | HMR | Telephone conferences with Mr. Rothberg regarding changes to reply to motion for summary judgment (.9); review reply and e-mail changes to paralegal for inclusion (.9). | 1.80 hr | 190 / hr | 342.00 |
| 7/2/04 | JDS | Research re: whether 10th circuit law is controlling over lawsuit pending in S.D. Texas over real property in New Mexico | 1.00 hr | 110 / hr | 110.00 |
| 7/2/04 | KM | Electronically file reply to response of MMS to Motion for Summary Judgment on Claim Objection; serve same on parties in interest. | 0.50 hr | 95 / hr | 47.50 |
| 7/6/04 | HMR | Draft revisions to proposed joint protective order. | 1.60 hr | 190 / hr | 304.00 |
| 7/6/04 | MJC | Conference with Hugh Ray re: MMS' responses to Golden's Request for Production. Discussed drafting of additional requests for MMS documents. | 0.25 hr | 120 / hr | 30.00 |

GOLDEN OIL COMPANY | GOL051 - 00001 | Invoice | 49799 | Page 3

| Date | Initials | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 7/6/04 | MJC | Received and reviewed MMS' reponses and objections to Golden Oil's Request for Production. | 0.25 hr | 120 / hr | 30.00 |
| 7/7/04 | KM | Telephone discussion with clerk of the Federal Claims Court; letter to clerk requesting copies of documents. | 0.50 hr | 95 / hr | 47.50 |
| 7/8/04 | HMR | Review draft of Motion to enter protective order (.8); research revisions to same (1.0); Telephone conferences with client (.6); Telephone conferences with MMS attorney (.3). | 2.70 hr | 190 / hr | 513.00 |
| 7/9/04 | ELR | Review and revise letter to counsel for Jicarilla requesting settlement conference. | 0.30 hr | 290 / hr | 87.00 |
| 7/12/04 | ELR | Review email from counsel for Jicarilla's; discuss scheduling of conference call with H. Ray. | 0.10 hr | 290 / hr | 29.00 |
| 7/12/04 | ELR | Review and revise letter regarding Kirkpatrick. | 0.25 hr | 290 / hr | 72.50 |
| 7/12/04 | HMR | Telephone conferences with Judy Robbins, Ms. Sidell, the DOI ethics office, Mr. Kirkpatrick (expert) and client regarding claim of ethics violations by employment of expert (1.0); additional Telephone conferences with client regardnig same (.5); draft letter regarding convesation (1.5); prepare for document review in Denver by reviewing proposed questions, current documents produced, and notes in file (3.0) | 6.00 hr | 190 / hr | 1,140.00 |
| 7/12/04 | HMR | Travel to Denver for review of MMS documents (4.0 Hours, billed at 1/2 time). | 2.00 hr | 190 / hr | 380.00 |
| 7/12/04 | HMR | Discuss document production methodology and goals with Mr. Kirkpatrick. | 1.30 hr | 190 / hr | 247.00 |
| 7/12/04 | SAK | Further work on memo re: standard of review. | 1.50 hr | 70 / hr | 105.00 |
| 7/13/04 | ELR | Settlement conference call with client and counsel for Jicarilla. | 1.30 hr | 290 / hr | 377.00 |
| 7/13/04 | ELR | Brief telephone conference with Mr. Peckham regarding date of service of subpoena. | 0.10 hr | 290 / hr | 29.00 |
| 7/13/04 | HMR | Attend document review in Lakewood Colorado, copy approximately 7,000 documents (8.0); review same (2.8); report on conclusions drawn from same (1.5). | 12.30 hr | 190 / hr | 2,337.00 |
| 7/14/04 | HMR | Review thousands of documents at national archives (6.5); Discuss case with client (1.3); Review thousands of documents (2.8). | 10.60 hr | 190 / hr | 2,014.00 |
| 7/14/04 | HMR | Review motion too quash filed by Taradash to quash Wong's deposition. | 0.80 hr | 190 / hr | 152.00 |
| 7/15/04 | ELR | Telephone conference with P. Domenici regarding potential for settlement of MMS claim | 0.20 hr | 290 / hr | 58.00 |
| 7/15/04 | ELR | Telephone conference with Mr. McElvenny regarding Jicarilla settlement options. | 0.20 hr | 290 / hr | 58.00 |
| 7/15/04 | HMR | Travel to Houston (bill at 1/2 time), includes waiting for flight after flight was cancelled. | 3.50 hr | 190 / hr | 665.00 |

GOLDEN OIL COMPANY                GOL051 - 00001              Invoice        49799            Page 4

| 7/16/04 | ELR | Telephone conference with R. McElvenny regarding potential settlement offer. | 0.20 hr | 290 / hr | 58.00 |
| 7/16/04 | SAK | Completed memo re:standard of review | 2.50 hr | 70 / hr | 175.00 |
| 7/19/04 | ELR | Review motion to quash Wong subpoena. | 0.30 hr | 290 / hr | 87.00 |
| 7/19/04 | ELR | Review draft settlement agreement; telephone conference with client regarding same. | 0.80 hr | 290 / hr | 232.00 |
| 7/19/04 | HMR | Telephone conferences with client regarding potential settlement (.4); discussions with counsel for MMS regarding document review in Dallas (.4); Telephone conferences with expert regarding document review and conclusions (.2); receipt and review of memorandum from Steve Kaplan regarding use of burden of proof (.6). | 1.60 hr | 190 / hr | 304.00 |
| 7/21/04 | HMR | Review additional documents fedexed by MMS, including confidential documents. | 0.60 hr | 190 / hr | 114.00 |
| 7/21/04 | HMR | Prepare for hearing on Draper's fees. | 1.90 hr | 190 / hr | 361.00 |
| 7/22/04 | HMR | Arrange for review of documents in Dallas on Tuesday, July 27th; e-mails to Ms. Robbins regarding the same. | 0.30 hr | 190 / hr | 57.00 |
| 7/22/04 | HMR | Review Motion to Quash Wong's depositon and local rules of NM court (1.5); research regarding response (.8); begin drafting response (1.0). | 3.30 hr | 190 / hr | 627.00 |
| 7/22/04 | MJC | Conference with Hugh Ray re: document review in Dallas and travel plan confirmation. | 0.20 hr | 120 / hr | 24.00 |

**Timekeeper Summary**

| **Name** | **Hours** | **Rate** | **Amount** |
| --- | --- | --- | --- |
| Rothberg, Edward L | 12.85 | 290.00 | $3,726.50 |
| Ray, Hugh M | 71.10 | 190.00 | $13,509.00 |
| Saikin, Jonathan D | 2.00 | 110.00 | $220.00 |
| Mayle, Kathy | 14.00 | 95.00 | $1,330.00 |
| Carlson, Michael J | 1.65 | 120.00 | $198.00 |
| Kaplan, Steven A | 7.50 | 70.00 | $525.00 |
| **Total fees for this matter** | 109.10 hrs | | $19,508.50 |

**DISBURSEMENTS**

| | |
| --- | --- |
| Travel - Airfare | 683.70 |
| Travel - Lodging | 270.25 |
| Travel - Lodging | 90.41 |
| Supplies | 21.53 |
| Mileage and/or Parking | 36.00 |
| Computer Research | 506.57 |
| Delivery Expenses | 12.00 |
| Fax Expenses | 16.00 |

GOLDEN OIL COMPANY                    GOL051 - 00001              Invoice     49799              Page 5

| | |
|---|---|
| Meals | 52.00 |
| Postage/Certified Mail | 0.37 |
| Photocopy Expenses | 13.85 |
| **Total disbursements for this matter** | $1,702.68 |

**BILLING SUMMARY**

| | |
|---|---|
| TOTAL FEES | $19,508.50 |
| TOTAL DISBURSEMENTS | $1,702.68 |
| TOTAL CHARGES FOR THIS BILL | $21,211.18 |
| PLUS NET BALANCE FORWARD | $21,464.22 |
| **TOTAL BALANCE NOW DUE** | $42,675.40 |

Trust Account Remaining Balance       $31,464.22

# Weycer, Kaplan, Pulaski & Zuber, P.C.

Attorneys at Law
1400 Summit Tower
Eleven Greenway Plaza
Houston, Texas 77046-1104
Ph (713) 961-9045   Fax (713) 961-5341
Tax ID No. 76-0324793

August 31, 2004

GOLDEN OIL COMPANY
2200 POST OAK BLVD., SUITE 720
HOUSTON, TX  77056

Invoice No.      50208
Our File No.     GOL051     00001
Billing Through: 8/25/04

SPECIAL COUNSEL - LITIGATION

**PRIOR CHARGES**

| | | |
|---|---|---|
| BALANCE FORWARD AS OF INVOICE DATED   7/31/04 | $42,675.40 | |
| PAYMENTS RECEIVED SINCE LAST INVOICE | $0.00 CR | |
| NET BALANCE FORWARD | $42,675.40 | |

**FOR PROFESSIONAL SERVICES RENDERED**

| Date | Init | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 7/26/04 | ELR | Review and revise response to motion to quash. | 0.50 hrs | 290.00 /hr | $145.00 |
| 7/27/04 | ELR | Review and revise settlement agreement; draft email transmitting same to interested parties. | 1.50 hrs | 290.00 /hr | $435.00 |
| 7/27/04 | HMR | Draft response to motion to quash David Wong's deposition filed by Taradash and research regarding same. | 4.00 hrs | 190.00 /hr | $760.00 |
| 7/28/04 | HMR | Finalize Response to Motion to Quash and Order and send to NM counsel for review. | 4.50 hrs | 190.00 /hr | $855.00 |
| 7/29/04 | ELR | Research issue of limitations defense in cure matters. | 0.50 hrs | 290.00 /hr | $145.00 |
| 7/29/04 | HMR | Prepare for and attend document review of documents in MMS Dallas office (8.0); Review Documents (2.0). | 10.00 hrs | 190.00 /hr | $1,900.00 |
| 7/29/04 | MJC | Multiple discussions with Hugh Ray re: MMS obstruction of document review and drafting of sanctions letter against MMS. | 0.40 hrs | 120.00 /hr | $48.00 |
| 7/29/04 | MJC | Drafted letter to Judy Robbins and Steve Simpson re: obstruction of document review in Dallas, Texas. | 0.40 hrs | 120.00 /hr | $48.00 |
| 7/29/04 | MJC | Began researching case law and analytical materials re: defense of statute of limitations in response to request to cure default. | 0.50 hrs | 120.00 /hr | $60.00 |

GOLDEN OIL COMPANY                    GOL051 - 00001          Invoice        50208          Page 2

| Date | | | | | | |
|---|---|---|---|---|---|---|
| 7/30/04 | HMR | Prepare for and attend document review at MMS office (6.0); Travel time (1/2 rate of 3 hours) (1.5); Discuss assignments with expert (.8). | 8.30 hrs | 190.00 /hr | $1,577.00 |
| 8/2/04 | ELR | Review complaint and answer filed in Jicarilla litigation against the U.S. | 0.50 hrs | 290.00 /hr | $145.00 |
| 8/2/04 | MJC | Continued researching issue of expiration of statute of limitations when payments are due under an installment contract. | 0.50 hrs | 120.00 /hr | $60.00 |
| 8/3/04 | ELR | Telephone conference with attorney for Jicarilla regarding potential settlement. | 0.20 hrs | 290.00 /hr | $58.00 |
| 8/3/04 | HMR | Prepare for document review in Dallas (2.0); Review Documents at MMS office in Dallas (8.0); plane delayed (5.0 hours travel time = 2.5 hours). | 12.50 hrs | 190.00 /hr | $2,375.00 |
| 8/3/04 | MJC | Conference with Hugh Ray re: continuation of MMS document review in Dallas, Texas. Discussed method and procedures for review. | 0.20 hrs | 120.00 /hr | $24.00 |
| 8/4/04 | HMR | Prepare for meeting with client (2.0) meet with client to discuss document production in Dallas (2.1). | 4.10 hrs | 190.00 /hr | $779.00 |
| 8/4/04 | MJC | Travel to Dallas for MMS document review. Reviewed and copied pertinent documents potentially affecting status of MMS' proof of claim. | 12.00 hrs | 120.00 /hr | $1,440.00 |
| 8/5/04 | ELR | Review Phillips case to determine if motion to reconsider denial of summary judgment motion is warranted. | 0.30 hrs | 290.00 /hr | $87.00 |
| 8/5/04 | ELR | Telephone conference with client regarding alternative theories for disallowance of MMS claim. | 0.40 hrs | 290.00 /hr | $116.00 |
| 8/5/04 | MJC | Continued reviewing and copying documents potentially affecting MMS' proof of claim. Return travel to Houston. | 12.00 hrs | 120.00 /hr | $1,440.00 |
| 8/6/04 | ELR | Research issue of res judicata effect of the 1995 order to perform; draft email to client regarding same. | 2.00 hrs | 290.00 /hr | $580.00 |
| 8/9/04 | ELR | Review 1995 order to perform and compare to 1998 order. | 0.30 hrs | 290.00 /hr | $87.00 |
| 8/9/04 | ELR | Review and respond to e-mail from counsel for Jicarilla regarding settlement proposal. | 0.10 hrs | 290.00 /hr | $29.00 |
| 8/9/04 | HMR | Telephone conferences with client regarding document review and settlement with MLG (.4); review documents produced in Dallas (1.4). | 1.80 hrs | 190.00 /hr | $342.00 |

GOLDEN OIL COMPANY                 GOL051 - 00001          Invoice      50208          Page 3

| Date | Initials | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 8/9/04 | MJC | Discussion with Hugh Ray re: preliminary evaluation of materials produced by MMS in Dallas, Texas. | 0.20 hrs | 120.00 /hr | $24.00 |
| 8/10/04 | HMR | Review documents produced in Dallas, scan in audit file and review same, scan in important documents; remove "attorney only" documents from approximately 10,000 pages of documents. | 5.40 hrs | 190.00 /hr | $1,026.00 |
| 8/11/04 | ELR | Draft email to counsel for Jicarilla regarding status of settlement proposal. | 0.10 hrs | 290.00 /hr | $29.00 |
| 8/11/04 | HMR | Carefully review over 8,000 pages of documents produced in Dallas, and compile trial and deposition exhibits (4.1); Meet with client to discuss status of exhibits, deposition targets, issues with Wong's deposition, and expert qualifications (2.0); e-mails to Judy Robbins regarding allegedly "attorney only" documentation (.4); Review status of pleadings and discovery deadlines (.2). | 6.70 hrs | 190.00 /hr | $1,273.00 |
| 8/11/04 | HMR | Research regarding possible public document for additional funding for litigation. | 0.50 hrs | 190.00 /hr | $95.00 |
| 8/11/04 | MJC | Conference with Hugh Ray re: current status of document review and request for additional documents from MMS. | 0.20 hrs | 120.00 /hr | $24.00 |
| 8/11/04 | MJC | Conference with Hugh Ray, Ralph McElvenny and John Kirkpatrick re: current status of dispute with MMS. Discussed outstanding discovery still due to Golden Oil. Discussed future procedural steps to develop litigation including noticing of key depositions. Discussed key witnesses to be deposed and timelines for taking depositions. | 2.00 hrs | 120.00 /hr | $240.00 |
| 8/12/04 | HMR | Review thousands of documents produced by MMS in preparationfor depositions. | 4.30 hrs | 190.00 /hr | $817.00 |
| 8/12/04 | MJC | Conference with Nancy Jacobs re: preparation of deposition notices of key MMS personnel. | 0.20 hrs | 120.00 /hr | $24.00 |
| 8/12/04 | MJC | Conference with Hugh Ray re: drafting of second set of production requests to MMS. | 0.20 hrs | 120.00 /hr | $24.00 |
| 8/13/04 | HMR | Review correspondence from MMS for deponents. | 0.50 hrs | 190.00 /hr | $95.00 |
| 8/16/04 | HMR | Review documents produced by MMS, including "attorney only" documents, which were challenged; and periodic dicsussions with opposing counsel regarding same. | 7.20 hrs | 190.00 /hr | $1,368.00 |
| 8/16/04 | MJC | Conference with Hugh Ray re: proposed plan to depose key MMS personnel. | 0.20 hrs | 120.00 /hr | $24.00 |

GOLDEN OIL COMPANY               GOL051 - 00001          Invoice          50208          Page 4

| Date | Init | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 8/16/04 | MJC | Conference with Hugh Ray re: drafting of additional discovery including Interrogatories and Requests for Admissions to MMS. | 0.20 hrs | 120.00 /hr | $24.00 |
| 8/17/04 | ELR | Office conference with client regarding strategy for proceeding against D. Wong and MMS. | 1.00 hrs | 290.00 /hr | $290.00 |
| 8/17/04 | MJC | Began drafting discovery requests including Interrogatories and Requests for Admissions to MMS. | 0.60 hrs | 120.00 /hr | $72.00 |
| 8/18/04 | ELR | Telephone conference with P. Eisenberg to discuss having Energen join in objection to claim by MMS. | 0.25 hrs | 290.00 /hr | $72.50 |
| 8/18/04 | HMR | Review documents for client (1.5), including e-mails; review other information regarding controlled correspondence file (.6); discuss controlled correspodence with client and opposing counsel (1.1); discuss case with third party potental intervenors (2.1). | 5.30 hrs | 190.00 /hr | $1,007.00 |
| 8/18/04 | MJC | Completed initial draft of discovery requests to MMS. | 0.90 hrs | 120.00 /hr | $108.00 |
| 8/18/04 | MJC | Conference with Hugh Ray re: document review of internal correspondence file in Washington, D.C. | 0.20 hrs | 120.00 /hr | $24.00 |
| 8/19/04 | ELR | Research sovereign immunity and Sec. 2412 isses; draft extensive email to client regarding same. | 2.00 hrs | 290.00 /hr | $580.00 |
| 8/19/04 | ELR | Review and respond to e-mail regarding John Kirkpatrick. | 0.10 hrs | 290.00 /hr | $29.00 |
| 8/19/04 | ELR | Conference with client to discuss need for expert witnesses. | 0.80 hrs | 290.00 /hr | $232.00 |
| 8/19/04 | ELR | Briefly review Carver legal memorandum; detailed review of expert report. | 2.00 hrs | 290.00 /hr | $580.00 |
| 8/19/04 | HMR | Review information provided by another party (3.3); discuss case with Mr. Rothberg, including new information reviewed by him (.4); Discuss case with potential witness (1.2); Discuss new information with client and new positions to take on specific issues relating to MMS calculations (1.8); Draft and send correspondence to relevant third party regarding information (.8); | 7.50 hrs | 190.00 /hr | $1,425.00 |
| 8/20/04 | HMR | Review pro hac vice motion. | 1.10 hrs | 190.00 /hr | $209.00 |
| 8/20/04 | HMR | Discuss case with opposing counsel. | 0.60 hrs | 190.00 /hr | $114.00 |
| 8/20/04 | HMR | review discovery to MMS. | 1.75 hrs | 190.00 /hr | $332.50 |

GOLDEN OIL COMPANY                GOL051 - 00001          Invoice      50208        Page 5

| Date | TK | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 8/23/04 | ELR | Review and respond to e-mail from H. Ray regarding Energen involvement in major portion pricing dispute. | 0.10 hrs | 290.00 /hr | $29.00 |
| 8/23/04 | ELR | Review email from T. Peckham and attached response to motion to compel; draft reply to email. | 0.20 hrs | 290.00 /hr | $58.00 |
| 8/23/04 | HMR | Review documents delivered by ciient (1.5); Telephone conferences with client regarding case and with counsel in Denver (.7). | 2.20 hrs | 190.00 /hr | $418.00 |
| 8/24/04 | HMR | Review extensive communication from client (.5); Telephone conferences with Tom Peckham (1.5); Telephone conferences with client (.8); Review documents (.8). | 3.60 hrs | 190.00 /hr | $684.00 |
| 8/24/04 | HMR | Telephone conferences with counsel and client (1.9); review documents for DC document review (1.1); research availability of documents (.6). | 3.60 hrs | 190.00 /hr | $684.00 |
| 8/25/04 | ELR | Confer Mr. Ray regarding status of settlement discussions and discovery. | 0.50 hrs | 290.00 /hr | $145.00 |
| 8/25/04 | ELR | Office conference with client to discuss discovery plan. | 0.50 hrs | 290.00 /hr | $145.00 |
| 8/25/04 | HMR | Office conference with client and discuss discovery issues (1.5); Review interrogatories with client and prepare new interrogatories (1.0); discuss case with third party and discuss document production issues (.7); discuss case with opposing counsel and document and deposition issues (.5); Telephone conferences with client regarding the same (.4); Office conference with Mr. Rothberg regarding strategy of trial (.6). | 4.70 hrs | 190.00 /hr | $893.00 |
| 8/25/04 | MJC | Conference with Hugh Ray, Ed Rothberg, Ralph McElvenny and John Kirkpatrick re: status of litigation with MMS and proposed procedure for examining correspondence documents in Department of Interior files. | 0.40 hrs | 120.00 /hr | $48.00 |
| 8/25/04 | MJC | Conference with Ralph McElvenny, John Kirkpatrick and Hugh Ray re: content and drafting of additional discovery requests including second set of Interrogatories and Request for Admissions. Discussion continued strategy for developing defense to MMS claims for payment utilizing majority portion pricing method. | 1.60 hrs | 120.00 /hr | $192.00 |

**Timekeeper Summary**

| **Name** | **Hours** | **Rate** | **Amount** |
|---|---|---|---|
| Rothberg, Edward L | 13.85 | 290.00 | $4,016.50 |

GOLDEN OIL COMPANY          GOL051 - 00001          Invoice     50208          Page 6

| | | | |
|---|---|---|---|
| Ray, Hugh M | 100.15 | 190.00 | $19,028.50 |
| Carlson, Michael J | 32.90 | 120.00 | $3,948.00 |
| **Total fees for this matter** | 146.90 hrs | | $26,993.00 |

## DISBURSEMENTS

| | |
|---|---|
| Travel - Airfare | 394.40 |
| Travel - Automobile | 190.56 |
| Travel - Lodging | 84.64 |
| Supplies | 67.03 |
| Travel - Airfare | 197.20 |
| Travel - Automobile | 110.94 |
| Supplies | 85.83 |
| Mileage and/or Parking | 87.00 |
| Computer Research | 121.95 |
| Copies | 16.00 |
| Delivery Expenses | 9.75 |
| FedEx | 13.13 |
| Long Distance Calls | 18.43 |
| Copy Expenses | 69.40 |
| **Total disbursements for this matter** | $1,466.26 |

## BILLING SUMMARY

| | |
|---|---|
| TOTAL FEES | $26,993.00 |
| TOTAL DISBURSEMENTS | $1,466.26 |
| TOTAL CHARGES FOR THIS BILL | $28,459.26 |
| PLUS NET BALANCE FORWARD | $42,675.40 |
| **TOTAL BALANCE NOW DUE** | $71,134.66 |

Trust Account Remaining Balance     $31,464.22

# Weycer, Kaplan, Pulaski & Zuber, P.C.

Attorneys at Law
1400 Summit Tower
Eleven Greenway Plaza
Houston, Texas 77046-1104
Ph (713) 961-9045   Fax (713) 961-5341
Tax ID No. 76-0324793

September 30, 2004

GOLDEN OIL COMPANY
2200 POST OAK BLVD., SUITE 720
HOUSTON, TX  77056

Invoice No.     50753
Our File No.    GOL051    00001
Billing Through: 9/25/04

SPECIAL COUNSEL - LITIGATION

**PRIOR CHARGES**

| | |
|---|---|
| BALANCE FORWARD AS OF INVOICE DATED    8/31/04 | $71,134.66 |
| PAYMENTS RECEIVED SINCE LAST INVOICE | $0.00 CR |
| NET BALANCE FORWARD | $71,134.66 |

**FOR PROFESSIONAL SERVICES RENDERED**

| Date | Atty | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 8/26/04 | HMR | Telephone conferences with client; review Cornellison information for deposition. | 1.10 hrs | 190.00 /hr | $209.00 |
| 8/27/04 | HMR | Review voluminous documents (over 12,000 pages) produced by the MMS. | 5.00 hrs | 190.00 /hr | $950.00 |
| 8/27/04 | MJC | Conference with Hugh Ray re: specific amendments requested by client to interrogatory requests to be served upon MMS. | 0.20 hrs | 120.00 /hr | $24.00 |
| 8/28/04 | HMR | Prepare for Mr. Cornellisson's deposition. Preparation requried review of 27,000 pages of documents, preparation of over 100 exhibits; review of testimony outlline, drafting testimony outline; and discussions with expert and client. | 7.70 hrs | 190.00 /hr | $1,463.00 |
| 8/29/04 | HMR | Continue to prepare for Mr. Cornellisson's deposition and discuss case with client during the preparations; prepare exhibits; review outlines; review rgulations and other original documents; and discuss with expert. | 11.20 hrs | 190.00 /hr | $2,128.00 |
| 8/29/04 | HMR | Review documents and discuss case with third party with interest in case. | 0.50 hrs | 190.00 /hr | $95.00 |
| 8/30/04 | HMR | Review extensive documents and compiel exhibits and questions for Mr. Cornellison's deposition. | 8.00 hrs | 190.00 /hr | $1,520.00 |

GOLDEN OIL COMPANY          GOL051 - 00001          Invoice          50753          Page 2

| Date | Atty | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| 8/31/04 | HMR | Prepare for and take Mr. Cornellisson's deposition. | 11.20 hrs | 190.00 /hr | $2,128.00 |
| 9/1/04 | HMR | Prepare for and take Cherry Mallard's deposition. | 6.50 hrs | 190.00 /hr | $1,235.00 |
| 9/1/04 | HMR | Telephone conference with expert. | 0.70 hrs | 190.00 /hr | $133.00 |
| 9/2/04 | HMR | Discuss case with interested party not client (1.5); review transcripts of depositions (.7); Review documents forwarded by other party (.3); Research IBLA law regarding information required for major portion accounting (.6). | 3.10 hrs | 190.00 /hr | $589.00 |
| 9/3/04 | HMR | Discuss case with counsel for interested party and send documents to same (.6); review of additional materials provided (.3); review status of David Wong's deposition (.2); revise interrogatories for MMS (.4). | 1.50 hrs | 190.00 /hr | $285.00 |
| 9/3/04 | HMR | Continue review of extensive documents (1.1); discuss case with client and expert (2.1); Review depositon of Cornellisson (1.0) and discuss case with U.S. Attorney (.2); notes regarding potential legal issues under EAJA (.6). . | 5.10 hrs | 190.00 /hr | $969.00 |
| 9/7/04 | ELR | Brief meeting with expert John Bower to go over testimony issues. | 0.30 hrs | 290.00 /hr | $87.00 |
| 9/7/04 | HMR | Review local rules of bankruptcy court for the district of New Mexico and sign affidavit regarding same. | 0.40 hrs | 190.00 /hr | $76.00 |
| 9/7/04 | HMR | Discuss case with Tom Peckham and potential for settlement (.5); review cornellisson and Mallard depositions for issues (1.8); review thousands of documents produced by MMS (1.4); discuss case with client and consultant (1.2). | 4.90 hrs | 190.00 /hr | $931.00 |
| 9/7/04 | MJC | Received and reviewed draft version of proposed discovery requests to be served upon MMS. | 0.20 hrs | 120.00 /hr | $24.00 |
| 9/8/04 | ELR | Conference with client to discuss settlement options; conference call with counsel for Jicarilla regarding same. | 1.00 hrs | 290.00 /hr | $290.00 |
| 9/8/04 | MJC | Drafted initial draft of Ralph McElvenny's Second Set of Interrogatories to be propounded upon the MMS. | 1.10 hrs | 120.00 /hr | $132.00 |
| 9/8/04 | MJC | Conference with Hugh Ray re: initial draft of additional discovery requests to MMS. Discussed proposed revisions to discovery requests. | 0.20 hrs | 120.00 /hr | $24.00 |
| 9/9/04 | ELR | Research ability to recover attorney fees under 28 USC 2412. | 1.00 hrs | 290.00 /hr | $290.00 |

GOLDEN OIL COMPANY                GOL051 - 00001          Invoice      50753          Page 3

| Date | Atty | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 9/9/04 | HMR | Discuss case and potential settlement issues:  Discuss with client and expert (2.7); Discuss with Mr. Peckham and Rothberg (.8); Review document stipulation and execute so opposing side can review deposition (.8); Copy and fedex deposition DVD (.6); | 4.90 hrs | 190.00 /hr | $931.00 |
| 9/9/04 | MJC | Conference with Hugh Ray re: drafting of motion for sanctions under Equal Access to Justice act. | 0.20 hrs | 120.00 /hr | $24.00 |
| 9/11/04 | HMR | Meet with client (do not bill 2.0 hours). | 0.00 hrs | 190.00 /hr | $0.00 |
| 9/13/04 | HMR | Review transcript of May 28 hearing for discovery timing issue (1.0); Telephone conferences with client (.8). | 1.80 hrs | 190.00 /hr | $342.00 |
| 9/15/04 | ELR | Review expert witness report prepared by John Bower. | 0.50 hrs | 290.00 /hr | $145.00 |
| 9/15/04 | ELR | Telephone conference with Mr. Kirkpatrick regarding discovery responses. | 0.10 hrs | 290.00 /hr | $29.00 |
| 9/16/04 | HMR | Cursory review of over 15,000 pages of documents FedExed from the MMS Denver office (1.5); review correspondence from client (.5); discuss case with Judy Robbins (.5). | 2.50 hrs | 190.00 /hr | $475.00 |
| 9/17/04 | HMR | Revise and send letter to opposing counsel. | 1.00 hrs | 190.00 /hr | $190.00 |
| 9/17/04 | HMR | Telephone conferences with client and expert regarding case and discovery documents. | 0.50 hrs | 190.00 /hr | $95.00 |
| 9/17/04 | HMR | Draft nastygram to Judy Robbins regarding discovery dispute (1.5); tone it down (.5). | 2.00 hrs | 190.00 /hr | $380.00 |
| 9/20/04 | ELR | Telephone conference with client regarding settlement options. | 0.20 hrs | 290.00 /hr | $58.00 |
| 9/20/04 | HMR | Discuss case with expert (.3); review additional conclusions (.8); discuss status of depositions with Ms. Robbins. | 1.30 hrs | 190.00 /hr | $247.00 |
| 9/21/04 | ELR | Office conference with client to discuss preparation for trial. | 0.70 hrs | 290.00 /hr | $203.00 |
| 9/21/04 | HMR | Demand documents from MMS; Request controlled correspondence file (.4); review status of discovery and prior disputes for potential EAJA claim (1.9); discuss case with client relating to strategy and disputes with Energen (1.2); research regarding dispute with energen (1.5). | 5.00 hrs | 190.00 /hr | $950.00 |
| 9/22/04 | ELR | Conference call with client to discuss government's decision to withdraw major portion pricing claim. | 0.50 hrs | 290.00 /hr | $145.00 |

GOLDEN OIL COMPANY          GOL051 - 00001          Invoice      50753          Page 4

| Date | | Description | Hours | Rate | Amount |
|------|---|---|---|---|---|
| 9/22/04 | HMR | Telephone conferences with opposing counsel discussing end of suit (1.1); Office conference with Mr. Rothberg regarding strategy for EAJA claim (1.3); Telephone conferences with client regarding end of suit (1.4); research EAJA claim, including defenses claimed by opposing counsel (2.1); discuss case with expert in CO - telling him to stop work because of withdrawal (.3); draft e-mail outlining terms of capitulation from MMS (.3). | 6.50 hrs | 190.00 /hr | $1,235.00 |
| 9/23/04 | HMR | Review status of case and pleadings for meeting of the parties (.6); Telephone conferences with opposing counsel regarding meeting of the parties (.7); draft and send letter to opposing cousnel detailing termination of the case (1.4); review pleading of intervention by Jicarilla in Merit case and forward to DOJ for response as to how it affects their deicision (.6); Draft agreed order terminating/disallowing proof of claim but reserving EAJA issue (1.7) | 5.00 hrs | 190.00 /hr | $950.00 |
| 9/24/04 | ELR | Attend meeting with counsel for MMS to discuss settlement. | 3.00 hrs | 290.00 /hr | $870.00 |
| 9/24/04 | HMR | Attend face to face meeting of the parties and attempt to settle case; discuss case privately with Ms. Robbins; discuss case with client. | 2.90 hrs | 190.00 /hr | $551.00 |

**Timekeeper Summary**

| **Name** | **Hours** | **Rate** | **Amount** |
|------|------|------|------|
| Rothberg, Edward L | 7.30 | 290.00 | $2,117.00 |
| Ray, Hugh M | 100.30 | 190.00 | $19,057.00 |
| Carlson, Michael J | 1.90 | 120.00 | $228.00 |
| **Total fees for this matter** | 109.50 hrs | | $21,402.00 |


**DISBURSEMENTS**

| | |
|---|---|
| Mileage and/or Parking | 37.16 |
| Computer Research | 41.90 |
| Long Distance Calls | 22.87 |
| Postage/Certified Mail | 27.30 |
| Copy Expenses | 23.40 |
| **Total disbursements for this matter** | $152.63 |

GOLDEN OIL COMPANY  GOL051 - 00001  Invoice  50753  Page 5

**BILLING SUMMARY**

| | |
|---|---:|
| TOTAL FEES | $21,402.00 |
| TOTAL DISBURSEMENTS | $152.63 |
| TOTAL CHARGES FOR THIS BILL | $21,554.63 |
| PLUS NET BALANCE FORWARD | $71,134.66 |
| **TOTAL BALANCE NOW DUE** | $92,689.29 |

Trust Account Remaining Balance  $31,464.22

# Weycer, Kaplan, Pulaski & Zuber, P.C.

Attorneys at Law
1400 Summit Tower
Eleven Greenway Plaza
Houston, Texas 77046-1104
Ph (713) 961-9045   Fax (713) 961-5341
Tax ID No. 76-0324793

October 22, 2004

GOLDEN OIL COMPANY
2200 POST OAK BLVD., SUITE 720
HOUSTON, TX 77056

Invoice No.      51257
Our File No.     GOL051    00001
Billing Through: 10/22/04

SPECIAL COUNSEL - LITIGATION

**PRIOR CHARGES**

| | | |
|---|---|---|
| BALANCE FORWARD AS OF INVOICE DATED   9/30/04 | $92,689.29 | |
| PAYMENTS RECEIVED SINCE LAST INVOICE | $0.00 CR | |
| NET BALANCE FORWARD | $92,689.29 | |

**FOR PROFESSIONAL SERVICES RENDERED**

| Date | Atty | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 9/27/04 | ELR | Confer with Mr. Ray regarding status hearing set for 9/27 and need to prepare two separate fee applications. | 0.20 hrs | 290.00 /hr | $58.00 |
| 9/27/04 | HMR | Review EAJA law and begin research on EAJA claim motion. | 1.80 hrs | 190.00 /hr | $342.00 |
| 9/28/04 | HMR | Review and revise letter for EAJA claim against MMS. | 1.50 hrs | 190.00 /hr | $285.00 |
| 9/29/04 | HMR | Review lett to Judy Robbins with revisions from client. | 1.00 hrs | 190.00 /hr | $190.00 |
| 10/1/04 | ELR | Review and respond to e-mail from client regarding potential stay violation. | 0.10 hrs | 290.00 /hr | $29.00 |
| 10/1/04 | ELR | Office conference with client to discuss EAJA claims. | 1.00 hrs | 290.00 /hr | $290.00 |
| 10/1/04 | HMR | Review letter to Judy Robbins and revise, giving specific information on EAJA claim. | 1.90 hrs | 190.00 /hr | $361.00 |
| 10/5/04 | ELR | Review and revise letter offering to compromise penalty and EAJA claims. | 1.00 hrs | 290.00 /hr | $290.00 |
| 10/5/04 | ELR | Telephone conference with client regarding MMS settlement offer; finalize and forward same to counsel for MMS. | 0.50 hrs | 290.00 /hr | $145.00 |
| 10/12/04 | ELR | Review and respond to e-mail from J. Robbins regarding settlement of late penalty and attorneys fees claims. | 0.10 hrs | 290.00 /hr | $29.00 |

GOLDEN OIL COMPANY                GOL051 - 00001          Invoice    51257          Page  2

**Timekeeper Summary**

| Name | Hours | Rate | Amount |
|------|-------|------|--------|
| Rothberg, Edward L | 2.90 | 290.00 | $841.00 |
| Ray, Hugh M | 6.20 | 190.00 | $1,178.00 |
| **Total fees for this matter** | 9.10  hrs | | $2,019.00 |

**DISBURSEMENTS**

| | |
|---|---|
| Mileage and/or Parking | 4.66 |
| Computer Research | 4.94 |
| **Total disbursements for this matter** | $9.60 |

**BILLING SUMMARY**

| | |
|---|---|
| TOTAL FEES | $2,019.00 |
| TOTAL DISBURSEMENTS | $9.60 |
| TOTAL CHARGES FOR THIS BILL | $2,028.60 |
| PLUS NET BALANCE FORWARD | $92,689.29 |
| **TOTAL BALANCE NOW DUE** | $94,717.89 |

Trust Account Remaining Balance      $31,464.22

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| GOLDEN OIL COMPANY, | § | CASE NO. 03-36974-H2-11 |
| | § | Chapter 11 |
| Debtor. | § | |

**EXHIBIT E - FIRST AND FINAL APPLICATION
FOR COMPENSATION BY SPECIAL COUNSEL FOR DEBTOR**

**SUMMARY OF OUT-OF-POCKET EXPENSES**

| Description | Amount |
|---|---|
| Printing/Copying | $    4.22 |
| Travel-Airfare | 1,275.30 |
| Travel-Lodging | 556.24 |
| Travel-Auto | 190.56 |
| Travel-Meals | 52.00 |
| Supplies | 174.39 |
| Research | 675.36 |
| Delivery | 21.75 |
| Fax (64 pages @ $0.25 per page) | 16.00 |
| Photocopy (in-house) | 122.65 |
| Federal Express | 13.13 |
| Mileage/Parking | 164.82 |
| Long Distance | 41.30 |
| Postage | 27.67 |
| **TOTAL:** | **$ 3,335.39** |

{L:\gol051\00001\0351194.WPD;1\KJM}

**EXHIBIT
E**
tabbies®

## WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

ATTORNEYS AT LAW
1400 SUMMIT TOWER
ELEVEN GREENWAY PLAZA
HOUSTON, TEXAS 77046-1104

—————

TELEPHONE (713) 961-9045
FACSIMILE (713) 961-5341

## SUMMARY OF FIRM

WEYCER, KAPLAN, PULASKI & ZUBER, P.C. is a civil practice firm concentrating in litigation, labor and employment law, real estate and lending, bankruptcy, business organizations, corporate/securities, mergers and acquisitions, estate planning and probate, tax, non-profit, and mediation.

### LITIGATION

Our practice areas include general business litigation, contract disputes, real estate, lender liability, landlord-tenant, insurance, tort defense including toxic torts, products liability, securities, employment and labor, Deceptive Trade Practices Act, construction, environmental, appeals and all aspects of creditor's rights. We are experienced in all phases of sophisticated disputes in all courts and before arbitration panels, and our clients range from individual entrepreneurs to multi-billion dollar lending institutions and publicly traded companies.

### LABOR AND EMPLOYMENT LAW

We handle employment litigation for large corporations, major regional enterprises and small local businesses, and understand the importance of being both counselors and attorneys in this practice area. One of our major areas of practice is defending management in employment discrimination litigation, wrongful termination and employment torts. We also regularly counsel employers on such matters as drug and alcohol testing, polygraph testing, sexual harassment policies, general personnel and human resources counseling, hiring and firing decisions, employee handbooks and work rules. A broad spectrum of labor issues within our expertise include the Americans with Disabilities Act, Texas Commission on Human Rights Act, Texas Workers' Compensation Act, and Federal and Texas Wage and Hour Laws.

L:\non999\09004\8395_1.WPD\DKN


EXHIBIT
F
tabbies®

## REAL ESTATE AND LENDING

In its real estate practice, our firm represents both purchasers and sellers respecting the acquisition and sale of unimproved land and improved properties (including shopping centers, office buildings, apartment projects, hotels and warehouse complexes), landlords and tenants, and developers and lenders in connection with substantial real estate projects. In the area of lender representation, our firm currently furnishes legal services (including the preparation and negotiation of complex loan documentation) to several financial institutions in Texas. Our firm has considerable expertise in the area of real estate development, including the acquisition of real estate, platting, preparation of protective covenants and restrictions and dealing with most development issues. In the leasing area, our firm has broad expertise in the preparation and negotiation of leases, from both landlord and tenant standpoints. Also, we represent many foreign investors in their local real estate holdings.

## BANKRUPTCY

We represent creditors committees, lessors, debtors, and equity holders at every stage of reorganization. Our creditor work involves the representation of lending institutions and trade creditors, primarily in Chapter 11 business reorganizations. We also specialize in resolving tax problems in bankruptcy and related adversarial matters in which creditor rights are being contested. With respect to debtor work, our firm has represented a wide variety of debtors. We have been successful in restructuring debt both inside and outside Chapter 11. We have found that by not limiting our practice to either debtor or creditor work, we are able to maintain a more neutral perspective and are better able to predict the opposing side's reaction to a particular strategy.

## BUSINESS ORGANIZATIONS

Our full service business organizations practice begins with counseling clients in how to structure their business entities, whether in the form of a corporation, general partnership, limited partnership, sole proprietorship, joint venture, limited liability company or professional associations. In both start-up and continuation circumstances, we can assist in the negotiation and preparation of contracts and corporate minutes. Once a business is up and running, we advise our clients in employer/employee issues, business financing and other matters involved in the ongoing affairs of a business entity. Of particular note is our vast experience in the area of mergers and acquisitions, including representing clients in all aspects of acquiring and selling all types of business entities and business succession issues.

## Securities

The firm's securities practice includes representing private and publicly traded companies in connection with all aspects of the public and private capital markets, including public and private offerings of equity and debt securities, mergers and acquisitions, venture capital financing, and institutional and private placements. Our representation involves such matters as: advice to Boards

L:\non999\09004\8395_1 WPD\DKN

of Directors and Board committees (audit, compensation, nominating and special committees); preparation and filing of periodic reports with the Securities and Exchange commission (proxy statements, 10-Ks and 10-Qs and other SEC reports); stock option and equity incentive plans; shareholders' and investors' rights agreements (buy-sell, registration rights, co-sale rights, rights of first refusal, etc.); joint venture, partnership and limited liability company agreements; and routine contractual issues.

## ESTATE PLANNING AND PROBATE

Our firm is active in advising our clients in the area of personal and financial estate planning. Our services include the preparation of wills, living wills, powers of attorney and current and testamentary trusts, including life insurance trusts and specific purpose trusts, as well as tax counseling and charitable giving. In addition, we assist clients in the probate of wills, administration of estates, and guardianship procedures.

## TAX

Our goal in this practice area is to minimize our clients' exposure to tax liabilities. Our practice includes representing taxpayers in disputes with the Internal Revenue Service, the Texas Comptroller of Public Accounts and various property appraisal districts. When resolution of those disputes is not possible at the administrative levels, we continue the representation of our clients in tax court or other appropriate forums. Our tax team includes attorneys who are also Certified Public Accountants.

## NON-PROFIT

Weycer, Kaplan, Pulaski & Zuber, P.C. enjoys one of the largest non-profit organization practices in the southwest United States. The firm's attorneys are nationally recognized for their expertise and represent many well known non-profit organizations located throughout the nation. The firm represents a full range of non-profit organizations, including health and welfare organizations, low income housing organizations, religious organizations, missions organizations, private schools, churches and synagogues, United Way agencies, non-profit radio and television stations and arts organizations. Weycer, Kaplan, Pulaski & Zuber is best known for its representation of churches and denominational bodies, representing a broad range of faiths from Christianity to Eastern religions. The firm offers a full range of services, including the creation of non-profit corporations, applications for tax exemptions, examinations by taxing authorities, tax compliance reviews, commercial litigation, employment law as it applies to non-profit organizations, intellectual property as it applies in the non-profit organizations, attorney general investigations and sexual misconduct matters. Our firm has also represented non-profit organizations in mergers and acquisitions among non-profit organizations. Weycer, Kaplan, Pulaski & Zuber is one of the few firms in the country to represent a non-profit organization that filed for bankruptcy protection. The firm has assisted non-

L:\non999\09004\8395_1 WPD\DKN

profit clients in dealing with the media while in distressed situations. Due to its litigation and problem solving skills, clients frequently request this firm to advise them on how to prevent future legal problems.

## MEDIATION

Members of the firm with vast experience in the areas of litigation and bankruptcy have successfully completed the course studies required to become mediators and have been actively using those skills to assist others in resolving disputes amicably through the mediation process. Shareholders Andrew Caplan, Richard Kaplan, and Edward Rothberg have been actively mediating cases and obtaining settlements for parties in a very high percentage of cases brought before them. With their extensive experience as advocates, the firm's mediators have assisted parties in finding creative solutions to difficult disputes often going "beyond the envelope" to solve the problems. The mediators have successfully mediated cases of all types including but not limited to commercial disputes, real estate lawsuits, personal injury disputes, bankruptcy matters, domestic relations cases and all other types of tort and contract matters. The firm's facilities are equipped to comfortably mediate disputes involving multi-party litigation. The firm is proud to say that it has been requested to act as mediator by judges, lawyers and parties and has often been asked to mediate disputes even before litigation has ensued.

In summary, Weycer, Kaplan, Pulaski & Zuber, P.C. is dedicated to providing quality, professional legal services to an outstanding and growing client base at reasonable rates. Personal references on the firm or on individual attorneys will be furnished on request.

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

ATTORNEYS AT LAW

1400 SUMMIT TOWER

ELEVEN GREENWAY PLAZA

HOUSTON, TEXAS  77046-1104

————

TELEPHONE (713) 961-9045

FACSIMILE (713) 961-5341

## MEMBERS OF FIRM

**ALBERT S. WEYCER**, admitted to bar 1961, Texas; 1962, U.S. District Court, Southern District of Texas; 1971, U.S. Court of Appeals, 5th Circuit. *EDUCATION*: University of Wisconsin-Madison (B.S.Ch.E., 1956); George Washington University (J.D., with honors, 1960). *MEMBER*: George Washington Law Review, 1959-1960. *MEMBER*: Houston and American Bar Associations and State Bar of Texas.

Mr. Weycer practices in the areas of real estate, corporate planning and structuring, family and estate planning, and intellectual property.

In real estate, Mr. Weycer's practice combines his many years of experience in counseling clients respecting the acquisition, sale, development, leasing and financing of real estate. Such acquisition and sale experience covers the negotiation and preparation of contracts of purchase and/or sale concerning undeveloped land, office buildings, apartment projects, shopping centers, office-warehouse projects, condominiums and homes. In his real estate development representation, he counsels many developer clients in a multitude of development issues respecting residential subdivision, shopping centers, office buildings, and apartments. These issues frequently deal with the platting process, water districts and establishing restrictions for new residential and commercial development. In his leasing practice, he has represented landlords and tenants in the negotiation of complex leases respecting all types of properties. In particular, he has had extensive experience representing national tenants in lease negotiations covering shopping centers all over the United States. Mr. Weycer has extensive experience representing financial institutions and borrowers respecting the preparation and negotiation of real estate loan documentation.

In the corporate planning and structuring area, he has represented numerous clients in the structuring of the right business entity for a particular business and the negotiation of the interrelationship documentation involving partners, shareholders, and other joint ownership arrangements. Such structuring further involves the coordination of succession planning for such businesses and includes dealing with buy-sell, insurance and other issues. Mr. Weycer has extensive experience in the negotiation and documentation of complex business acquisitions, sales, and mergers.

I.\non999\09004\8395_1 WPD\DKN

Respecting estate planning, he has advised and counseled numerous clients concerning their wills, trusts, powers of attorney, family limited partnerships, charitable and other succession and family planning. In this area Mr. Weycer has extensive experience representing trust departments of financial institutions respecting a multitude of trust and estate issues.

In the intellectual property area, Mr. Weycer's educational background as a chemical engineer provides him with the technical understanding in negotiating complex technology license agreements. He further counsels clients in trademark and service mark matters.

**RICHARD M. KAPLAN**, born Houston, Texas, July 16, 1951; admitted to bar 1976, Texas; 1977, U.S. District Court, Southern District of Texas; 1982, U.S. Court of Appeals, Fifth Circuit. *EDUCATION*: University of Texas (B.A., cum laude, 1973); University of Houston (J.D., 1976). *MEMBER*: Houston and American Bar Associations and State Bar of Texas. Board Certified by the Texas Board of Legal Specialization in Civil Trial Law.

Mr. Kaplan has over twenty-five years of broad experience in state and federal civil trials, including claims involving complex commercial litigation, real estate disputes, fraud, deceptive trade practices, negligence, landlord/tenant, eminent domain, tortious interference, construction cases, and family law. He has represented plaintiffs and defendants in virtually all aspects of civil litigation. He has also been engaged as an expert witness in legal malpractice cases.

In addition to his trial experience, Mr. Kaplan has regularly counseled clients on a wide range of significant legal issues in the banking, real estate, insurance, corporate and franchise areas, as well as work out and restructuring. His clients range from major corporations to small businesses to individuals. He has also been trained and certified as a mediator, and has successfully mediated all types of disputes and lawsuits. He has extensive experience in virtually every kind of commercial transaction, in and out of the courtroom.

**JOSEPH R. PULASKI**, born Houston, Texas, October 12, 1936; admitted to bar 1964, Texas. *EDUCATION*: University of Oklahoma (B.F.A., 1959); University of Texas (LL.B., 1964). *MEMBER*: Phi Delta Phi. *MEMBER*: Houston and American Bar Associations and State Bar of Texas.

Mr. Pulaski has been practicing primarily in the area of real estate law for over twenty-five years. Mr. Pulaski's practice combines his years of experience in counseling clients with respect to the acquisition and sale of real estate (both unimproved and improved), the development and re-development of real property, the financing of the purchase (and re-financing) of real estate projects and representing both landlords and tenants in leasing of real estate. Mr. Pulaski's real estate practice also covers negotiation and preparation of contracts regarding purchases and sales of office buildings, shopping centers, apartment projects, office warehouse and residential properties such as homes and condominiums.

Mr. Pulaski has extensive experience in dealing with purchasers and landlords and tenants with respect to shopping centers and office buildings throughout the United States. Mr. Pulaski's practice also encompasses the structuring of various types of entities involved in purchasing, owning, managing, and syndicating real estate projects.

**J. GORDON ZUBER**, born Houston, Texas, April 20, 1936; admitted to bar 1961, Texas. *EDUCATION*: University of Oklahoma (B.B.A., 1958); University of Texas (LL.B., 1961). Assistant Attorney General of Texas, 1961-1966. *MEMBER*: Houston and American Bar Associations and State Bar of Texas.

Mr. Zuber's practice is heavily concentrated in the area of corporate law. He assists in the selection of the form of business entity to be used by start-up business operations and the preparation of all documentation necessary for the completion of such start-up entity, including creation of articles of incorporation, articles of organization of limited liability companies, limited partnership agreements or general partnership agreements, and the further preparation of the organizational documents required for the implementation of such start-up entities. His practice further includes handling ongoing business problems, as well as negotiation and preparation of contracts and other documents required for the day-to-day operation of business entities. Additionally, Mr. Zuber is very active in the field of buying, selling, and merging of business entities.

Mr. Zuber further has experience in the area of estate planning, both for individual clients and for corporate clients whose interests include business succession planning.

In addition, Mr. Zuber has experience in the practice of real property law including real estate development, syndication, financing, acquisition, and disposition.

**SANFORD G. COHEN**, born New York, New York, October 22, 1956; admitted to bar 1981, Texas; 1982, U.S. District Court, Southern District of Texas and U.S. Court of Appeals, Fifth Circuit. *EDUCATION*: University of Miami (B.B.A., cum Laude, 1978); South Texas College of Law (J.D. 1981). *MEMBER*: Order of the Lytae; *MEMBER*: Houston Bar Association and State Bar of Texas.

Mr. Cohen has been associated with the firm since 1981, which represents the entire time he has practiced law. Mr. Cohen became a shareholder in the firm within six years after joining the firm. He has lived in Houston since 1978, has been married to Terry Cohen for over twenty years and has three children, Grant, CeCe, and Kirby.

Mr. Cohen represents a wide variety of clients including landlords, tenants, real estate investors, retailers, restaurants, banks, brokers, manufacturers, real estate developers, and real estate management companies.

L:\non999\09004\8395_1 WPD\DKN

Mr. Cohen concentrates his practice in the areas of real estate, lending, and entity formation matters. His real estate practice is very extensive involving complex and large transaction ranging in size from one hundred thousand dollars to seventy-five million dollars. In the past twenty years, Mr. Cohen has closed over seven hundred fifty million dollars in acquisitions, sales and loans. In addition he has extensive experience in other commercial and residential matters including leases, foreclosures, easements, development, construction contracts, partnerships, corporations, limited liability companies, and bond financing.

**EDWARD L. ROTHBERG**, born Brooklyn, New York, February 4, 1957; admitted to bar 1980, Texas; U.S. District Court, Southern District of Texas; U.S. Court of Appeals, Fifth Circuit. Board Certified in Business Bankruptcy Law by the Texas Board of Legal Specialization. *EDUCATION*: Brooklyn College of the City University of New York (B.A., cum laude, 1977); Southern Methodist University (J.D., 1980). *EDITOR*: Journal of Air Law and Commerce. *MEMBER*: State Bar of Texas (Bankruptcy Committee, Corporation, Business and Banking Section) and Houston Bankruptcy Conference. Frequent lecturer at bankruptcy seminars. *AUTHOR*: The Discharge of Tax Claims in Bankruptcy, Resolving Federal Tax Problems in Bankruptcy, Representing the Unsecured Creditor, Tax Aspects of Consumer Bankruptcy, and How to Try a Dischargeability Case.

Mr. Rothberg is the head of the firm's bankruptcy practice and has been practicing bankruptcy law for the past twenty three years. Prior to entering private practice, Mr. Rothberg was a trial attorney with the Department of Justice Tax Division where he represented the Internal Revenue Service in some of the largest bankruptcy cases in Texas including Braniff and Continental. After entering private practice, Mr. Rothberg has represented institutional lenders, secured creditors, unsecured creditors, debtors, committees, bankruptcy trustees, lessors, and indenture trustees in numerous large and complex bankruptcy cases including Placid Oil, Circle K, Pengo Industries, Houston Imaging Center, Sunaire Express, Florida West Gateway, Newport Partners, Major Funding, Kimball Trading, Sentry Operating Company of Texas, Sterling Affiliates, Ltd., and Pilgrim Cleaners. He has also served as president of the Houston Chapter of the Turnaround Management Association, an interdisciplinary group of professionals dedicated to the business of corporate renewal.

**ANDREW M. CAPLAN**, born Honolulu, Hawaii, October 25, 1956; admitted to bar 1982; U. S. District Court, Southern District of Texas; U.S. District Court, Eastern District of Texas; U. S. District Court, Northern District of Texas; U. S. Court of Appeals for the Federal Circuit. *EDUCATION*: University of Florida (B.A. with Honors, 1978) (Recipient: Professor of Naval Science Scholarship; *MEMBER*: NROTC); South Texas College of Law (J.D., Cum Laude, 1982); recipient of the Delta Theta Phi Scholarship award. *MEMBER*: South Texas Law Journal; *AUTHOR*: Federal Rule 9h and Jury Designation, South Texas Admiralty Symposium Issue 1982; Non-Competition Agreements: Enforceable or Unenforceable?, Houston's DBA Magazine, April 1992; *MEMBER*: Order of the Lytae. *MEMBER*: State Bar of Texas, Houston Bar Association and Houston Trial Lawyers Association. *COMMITTEE MEMBER*: Houston Bar Association Continuing Legal Education Committee.

L:\non999\09004\8395_1 WPD\DKN

Mr. Caplan practices in the areas of litigation and mediation. He has been associated with the firm since April, 1994, and has been a shareholder since 1995. Mr. Caplan and his family are residents of Sugar Land, Fort Bend County, and are quite active in their community.

Mr. Caplan has concentrated his practice on commercial litigation over the past many years including disputes involving contracts, real estate, trade secret, business/shareholder issues, Deceptive Trade Practices Act, construction, and securities. He has also handled tort disputes. Mr. Caplan practices before all Texas state and federal courts and has also argued before the Court of Appeals for the Federal Circuit in Washington, D.C. His clients range from Fortune 500 companies to individuals, and he has tried cases on both the plaintiff and defense sides of the bar.

In 1999, Mr. Caplan took his many years of experience in litigation and began using those skills to assist others in resolving their disputes on an amicable basis. He completed the course offered by the University of Houston's E. E. White Business School on mediation and has been an active mediator since that time. Mr. Caplan has been successful in obtaining settlements in a very high percentage of the cases he has mediated. His many years of varied litigation experience have assisted him in finding creative solutions to cases that go "beyond the envelope," and he has been praised by his peers for his tenacity in finding solutions to difficult disputes.

**FRANK SOMMERVILLE**, born in Dublin, Texas, May 24, 1952; admitted to the bar 1988, Texas; 1988, Northern, Western and Southern U.S. District Courts of Texas; 1990, U.S. Court of Appeals for the 5th Circuit; and United States Tax Court. Board Certified in Tax Law by the Texas Board of Legal Specialization. *EDUCATION:* Texas Wesleyan University (B.S. 1974); University of Texas at Arlington (M.P.A. 1984); University of Houston (J.D. 1987). Certified Public Accountant, Texas. *MEMBER:* Phi Delta Phi, Houston and American Bar Associations (Litigation and Tax Sections), American Institute of Certified Public Accountants (Tax Division), Texas Society of CPAs, and the Christian Legal Society.

Mr. Sommerville is the law firm's representative to Hammar & Sommerville, an affiliated law firm dedicated to providing federal tax compliance reviews to non-profit organizations.

Mr. Sommerville has served non-profit institutions of all sizes as a bookkeeper, accountant, auditor, tax advisor and advocate, litigator and legal advisor. He has presented seminars on non-profit taxation since 1981. From 1985 to 1991, he was the featured speaker on the official clergy tax video produced by the Pension Boards of the United Churches of Christ. He is a discussion leader for the Texas Society of CPAs (TSCPA) on non-profit tax issues. He has spoken at three annual non-profit organizations conferences presented by the Houston Chapter on the TSCPA. He presented lectures on non-profit litigation at the University of Texas Law School's 8th and 9th Annual Non-profit Organizations Conferences. He regularly assists non-profit organizations in preventing litigation, including those that originate with accusations of sexual misconduct. He advised Texas Governor George W. Bush regarding non-profit legislative issues.

For TSCPA, he served on the Relations with Internal Revenue Service Committee for three years. He currently serves on the Texas Tax Institute Committee and the Non-Profit Conference Committee. He was a member of the National Board of Directors for Christian Management Association ("CMA") from 1993 to1999. He has spoken at numerous CMA national conventions.

Mr. Sommerville offices in Grand Prairie, Texas, and has served on the boards of various non-profit organizations. At various times, he has acted as Chairman, Secretary and Treasurer for non-profit organizations. His volunteer activities serve a range of organizations including United Way agencies, Texas Accountants & Lawyers for the Arts, Business Volunteers for the Arts and his local church.

**MARILYN S. SIMS**, born Weimer, Texas, February 12, 1959; admitted to the bar 1992, Texas. *EDUCATION*: University of Houston-Clear Lake (B.S. summa cum laude, 1988); University of Houston (J.D., 1992). *CERTIFICATIONS*: Certified Public Accountant, Texas. *MEMBER*: U.S. Supreme Court Bar, State Bar of Texas, Houston, Pasadena and American Bar Associations (Probate, Trust and Real Estate Sections), College of the State Bar of Texas, Texas and Houston Society of CPAs, Order of the Barons, Omicron Delta Kappa National Leadership Society, Attorneys in Tax & Probate, and various professional study groups.

Ms. Sims concentrates her practice in the areas of estate planning, advising clients and preparing estate and asset protection plans, and creating the related documentation and entities for clients ranging from very small to twenty million dollar estates. Representative documentation includes wills, living wills, general durable powers of attorney, medical powers of attorney, specific powers of attorney, living trusts, life insurance trusts, education trusts, children's trusts, family limited partnerships, charitable giving, guardian designations, disposition arrangements, beneficiary designation on non-probate assets, pre-marital and post-marital agreements, partition and transmutation agreements, and various other related property agreements.

Her practice in the probate area includes probate of wills, administration of estates, heirship proceedings, guardianship proceedings (minors and elders), representation of beneficiaries, court appointed ad litem and court appointed administration of estates.

In addition, Ms. Sims assists her clients with the formation of all types of entities including limited partnerships, family limited partnerships, general partnerships, joint ventures, corporations, limited liability companies, professional corporations and associations, as well as non-profit corporations, discussing the advantages and disadvantages (with regard to liability, tax and administrative costs) of each type of structure. She further prepares all organizational and annual documentation and any ancillary agreements related to the entity structure, including buy-sell agreements, salary continuation agreements, split dollar agreements, benefits agreements, licensing agreements, private debenture offerings, and negotiation and documentation of the sale or merger of our client's businesses.

In the area of real estate, Ms. Sims assists our clients in the acquisition, sale, development, leasing, financing, and foreclosure of real property, as well as negotiation of construction contracts and representation of custom homebuilders.

**ROBERT C. BEASLEY**, born Fort Worth, Texas; admitted to bar 1986, Texas. *EDUCATION*: University of Texas School of Law (J.D., 1986); Abilene Christian University (B.A., 1983); Houston Graduate School of Theology (M.A., 2003). *MEMBER*: Houston and American Bar Associations and State Bar of Texas.

Mr. Beasley concentrates his practice efforts in mergers, acquisitions, corporate, securities and corporate finance, representation of banks and other lending institutions, real estate, and employment law. His practice frequently involves structuring, negotiating and preparing contracts for the acquisition, disposition, merger, financing, reclassification or recapitalization of business entities, partnership and joint venture agreements, private placement memoranda, registration statements, financing and investing documentation, buy-sell ownership-control agreements, general corporate documents, and annual and periodic reports required by the various state corporate and securities laws, federal securities laws, and various stock exchanges. Mr. Beasley also represents both lenders and borrowers in such commercial loan transactions as asset-based loans, loan workouts and restructurings, project finance transactions, real estate acquisition and development loans, construction loans, mezzanine and subordinated debt facilities, and letter of credit facilities. Mr. Beasley also counsels clients with respect to employment matters, including compliance with federal and state statutes and regulations (such as the American with Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act), hiring and termination issues, addressing EEOC charges, and addressing non-compete and unfair competition issues. Mr. Beasley has represented corporations in their purchase and sale of other corporations and businesses throughout the United States, Canada, and South America, has listed corporations on Stock exchanges in the United States and in Canada, and works extensively with the Texas Securities Board, the Securities & Exchange Commission, the National Association of Securities Dealers Association, the American Stock Exchange and the New York Stock Exchange and periodically with other states' securities officials. Mr. Beasley is also a frequent speaker on legal matters and a contributor to legal periodicals, including: "The Sarbanes-Oxley Act of 2002: What Texas Attorneys Need to Know, 2003, National Business Institute; "Mergers and Acquisitions in Texas: The Art of Doing Deals," 2002, National Business Institute; "Considerations in Buying and Selling a Business in Texas, " 2002, National Business Institute; "Negotiating and Drafting Acquisition Agreements in Texas," 2001, National Business Institute; "Choice of Business Entity in Texas: How to Do it Right," 2000, National Business Institute; Co-Author, *Due Diligence Techniques and Analysis,*

Quorum Books (1996); "Due Diligence in Corporate Transactions," *Corporate Counsel Review* (May 1995); "To Register or Not to Register: Is Broker/Dealer Registration for You?" *Texas Bar Journal* (June 1992); "Asset Acquisitions: Caveat Emptor,"*Texas Bar Journal* (November 1990).

# ASSOCIATES

**TANYA N. GARRISON**, born Albuquerque, New Mexico, November 25, 1974; admitted to bar November 2000, Texas; admitted to bar September 2001, New Mexico. *EDUCATION*: Oklahoma State University, (B.S. magna cum laude, 1997); University of Houston (J.D. cum laude, 2000); *MEMBER*: Order of the Barons and Order of the Barristers; *MEMBER*: State Bar of Texas.

Ms. Garrison practices in the area of business and consumer litigation. Ms. Garrison's practice focuses on finding creative and practical solutions to various types of business disputes (before litigation, during litigation, or after judgment is rendered) for both plaintiffs and defendants. Ms. Garrison handles a wide variety of cases such as: consumer protection suits including suits under the Texas Deceptive Trade Practices Act, the Texas Insurance Code, and fraud; construction disputes; disputes involving property owners' rights, property owners' associations, and all aspects of easement and deed construction; trade secret disputes and protection; enforcement of non-compete agreements; landlord/tenant disputes including forcible entry and detainer actions; corporate shareholder and director disputes; foreclosure, enforcement of security interests, and deficiency suits; collection matters; injunctions; and other complex contract cases.

Ms. Garrison obtained her Juris Doctorate, Cum Laude at the University of Houston Law Center, where she graduated with both academic and oral advocacy honors. Ms. Garrison holds a Bachelor of Science degree from Oklahoma State University.

Ms. Garrison is licensed to practice in both the State of Texas and the State of New Mexico, and is admitted in the United States District Courts for the Northern, Southern, and Eastern District of Texas and the District of New Mexico. Ms. Garrison is a member of the State Bar of Texas, the Houston Bar Association, the Houston Young Lawyers Association, and is a Fellow with the Houston Young Lawyers Foundation. Ms. Garrison serves on the Board of Directors for the Houston Young Lawyer's Association, and is also the Committee Chairperson for HYLA's Teen Court Program. Ms.Garrison actively volunteers with Teen Court, Aspiring Youth, and with the People's Law School.

**MELISSA A. HASELDEN,** born Port Arthur, Texas, August 29, 1962; admitted to bar November 1995, Texas. *EDUCATION*: University of South Florida (B.S. Finance with honors, 1992); University of Houston (J.D., 1995). *MEMBER*: State Bar of Texas, American Bar Association.

Ms. Haselden practices in the area of business reorganization and bankruptcy law. Ms. Haselden handles a wide variety of matters related to Chapter 11 business reorganization, including representation of debtors, creditors and equity holders at every stage of the reorganization, including contested adversarial matters related to the bankruptcy. Ms. Haselden also represents creditors in Chapter 7 and 13 bankruptcy cases.

**HUGH M. RAY, III,** born Houston, Texas, June 25, 1970; Admitted to Texas Bar 1998, also Admitted to the U.S. Supreme Court, U.S. Fifth and Eleventh Circuit Courts of Appeal, U.S. District Courts, Northern, Southern and Eastern Districts of Texas and District of Colorado. *EDUCATION*: Vanderbilt University (B.A. 1992; M.Div. 1997, J.D. 1997). MEMBER: State Bar of Texas; American Bar Association; Houston Bar Association. MEMBER: A.B.A. Young Lawyer Professional Development Team 2002-2003. COMMITTEE CHAIR: A.B.A. Young Lawyer Division Professionalism and Ethics Committee 2001-2002; Texas. Young Lawyer Association Ethics and Professionalism Committee 2000-2001; A.B.A. LIAISON: Liaison to the Standing Committee on Professionalism 2000-2002; Liaison to the Commission on the Evaluation of the Rules of Professional Conduct 2001-2002. DELEGATE: Representing Texas before the A.B.A. Young Lawyer Division 1998-2003. TEXAS YOUNG LAWYER LIAISON: Liaison and voting member of the Texas Disciplinary Rules of Professional Conduct Drafting Committee 2000-2002. LECTURER: A.B.A. 2003 Mid-Year Meeting "Moral Bankruptcy: Ethics in the Face of Enron"; A.B.A. 2002 Spring Meeting, "Changes to the Model Rules of Professional Conduct"; Independent Banker's Association of Texas Annual Meeting, February 2002, "Multidisciplinary Practice: Will your accountant practice law?"

Mr. Ray limits his practice to complex reorganization, bankruptcy, and commercial litigation. He has represented publicly traded companies who successfully reorganized in bankruptcy and major creditors in their collection from complex bankruptcies. He often acts as a trial attorney in adversary proceedings before the Bankruptcy Court. Mr. Ray also represents parties to complex civil litigation.

Mr. Ray obtained a Master's of Divinity while he earned his law degree. His thesis dealt with the conflict between legal ethics and an attorney's own moral compass. After becoming

a lawyer, Mr. Ray became actively involved in the field of legal ethics. In 2001, Mr. Ray became chair of the A.B.A. Young Lawyer Division Committee on Professionalism and Ethics. Mr. Ray is also the liaison to several standing committees of the A.B.A. relating to professional conduct. Mr. Ray has helped author rules of professional conduct in Texas and has influenced the 2001-2002 revisions to the Model Rules of Professional Conduct promulgated by the A.B.A.   Mr. Ray speaks before lawyers and non-lawyers on issues relating to attorney professionalism and ethics.

**JONATHAN D. SAIKIN**, born Austin, Texas, December 31, 1976; admitted to bar November 2003, Texas; 2004, U.S. District Court, Southern District of Texas; *EDUCATION:* The University of Texas at Austin, (B.A., 1999); University of Houston Law Center, (J.D., 2003); *MEMBER:* Order of the Barons; *MEMBER:* State Bar of Texas, Houston Bar Association, and the Houston Young Lawyers Association.

**PAUL D. STRUG**, born St. Louis, Missouri, February 6, 1971; admitted to bar November 1996, Texas; *EDUCATION:* Washington University (B.A., Economics, 1993); The University of Texas School of Law (J.D., 1996) *MEMBER:* State Bar of Texas; American Bar Association; Houston Bar Association, Probate Section. Elder Law Committee (1997-98); College of the State Bar; *MEMBER:* Houston Young Lawyers Association; Disability and Elder Law Attorneys Association; Houston Estate and Financial Forum; Admitted United States Tax Court.

Mr. Strug practices in the area of wealth preservation.  He works closely with clients respecting a myriad of probate, trust and tax issues.  Mr. Strug assists clients with estate planning, ranging from basic tax-planned wills and trusts to advanced planning techniques such as family limited partnerships, charitable remainder trusts, and grantor retained annuity trusts.  He practices in the area of probate administration, handling entire aspects of estate administration, from admitting a will to probate to preparing a federal estate tax return.  He has experience in handling tax disputes, respecting the Internal Revenue Service, as well as probate litigation, including will contests and breach of fiduciary duty lawsuits and other probate related litigation matters.

Mr. Strug is on the Board of Directors, Hillel Foundation of Greater Houston; Advisory Commission (Vice-Chair) B'nai B'rith Youth Organization; Advisory Board, Houston Super Bowl XXXVIII Host committee (2000-2004).

Mr. Strug makes presentation on relevant topics such Estate and Tax Planning, the Texas probate Process, Community Property and Charitable Giving.

**MICHAEL J. CARLSON**, born Brooklyn, New York, August 22, 1977; admitted to bar November 2002, Texas. *EDUCATION*: The University of Texas at Austin (B.A., 1998); University of Houston (J.D., 2002); *MEMBER*: State Bar of Texas; Houston Bar Association and Houston Young Lawyers Association.  Admitted to practice in Southern District of Texas. *REPORTED DECISIONS*: Dubose v. Workers' Medical P.A., 117 S.W. 3rd 916.

## EXHIBIT "G"

### FACTORS JUSTIFYING FEES

I.        Time and labor expended.  The total hours expended as well as an itemization of the services rendered appear on Exhibit D, attached hereto.

II.        The novelty and difficulty of the questions.  This issue of "major portion pricing" was based on a series of factors outlined in regulations.  Specifically, the "major portion" price computed using a very complex and specific regulatory method.   The case involved rights of Indian tribes, administrative procedures, geologic and scientific comparisons of natural gas, pricing and processing information, and examination of numerous complex contracts.  The nature of the major portion calculation is too complex to describe in this application.  However, counsel worked extensively with chemical engineers, auditors, and other experts to accomplish its difficult goal.  The validity of "major portion" had never been fully litigated under the discovery rules.

From a sheer elbow-grease analysis, the case was difficult.   It required extensive travel by counsel to wade through hundreds of thousands of pages (documents could not be moved due to certain court orders and statutes).  Counsel traveled to the National Records and Archives Center in Lakewood Colorado, the MMS regional headquarters in Lakewood, the MMS regional headquarters in Dallas, and (after copying over 60,000 pages) was preparing for travel to Washington, DC to review documents.

III.        Skill requisite to perform the legal services.  As stated above, litigation in this area is unique. The undersigned Applicants are "AV" rated and have been acknowledged for their skill in complex bankruptcy matters.  This claim objection was a very complex bankruptcy matters, as counseL was required to coalesce issues arising under Indian law, Administrative Law, Oil & Gas Contract Law, and Bankruptcy Law.  This representation required consultation and preparation of experts, an experience of dealing with personalities in the bureaucracy, and was a generally difficult case.  As stated in the Application, many other firms had failed to expose "major portion" royalties.  The case required a great deal of skill.

IV.        Preclusion of other employment.  To the extent of Applicant's services in connection with representation of the Debtor herein, it was precluded from performing such services on behalf of others. Moreover, this case diverted significant resources from the firm.  Aside from the foregoing, there was no preclusion from other employment.

V.        Customary fees.  Applicant has requested a total fee which it feels is reasonable under the circumstances.  The hourly rates applied for are the normal rates charged by applicant firm during the period of its service. Exhibits "C" and "D" contain descriptions of such hourly rates.  In the opinion of Applicant, such rates are well below the cost for comparable work in the community.

VI.        Whether fees are fixed or contingent.  The fees in a bankruptcy proceeding are always contingent upon ultimate approval by the court and contingent upon there being assets available with

EXHIBIT

G

which to pay such fees. Additional contingencies in this case, if any are described in the summary of services incorporated into the motion.

VII.     Time limitations imposed by client and other circumstances.   Applicant was under time limitations in the nature of a five month deadline to try a case that, by all accounts, should have taken years.   The time limitations required applicant to stop working on other matters, or turn down prospective clients, while working intensely on this case.

VIII.     Results obtained.   A discussion of results obtained is contained in the narrative summary of services rendered incorporated into the application.   The results are astonishing – a $3 million claim was withdrawn; a claim for $124,000 (not based on "major portion") was also withdrawn, and the United States government allowed EAJA fees to be imposed in the amount of $75,000.

IX.     Experience, reputation and ability of the attorneys.   Applicant feels that members of its firm enjoy a good reputation.     Edward L. Rothberg is board certified in business bankruptcy by the Texas Board of Legal Specialization.   Applicant believes that the firm is generally recognized in this district for its abilities and competency, particularly in the field of bankruptcy law and civil litigation.

X.     Undesirability of the case.   The case required Applicant to accept delayed fees and the potential that, if the client lost, there would be no money to pay the Applicant.   Otherwise, undesirability of the case with regard to Applicant is not a factor in this proceeding.

XI.     Nature and length of professional relationship with client.   The nature and length of professional relationship with client is not a factor in this proceeding.

XII.     Awards in similar cases.   Applicant is of the opinion that the fee requested herein is consistent with fees awarded to it in other law firms in similar cases before the United States Bankruptcy Court for the Southern District of Texas, Houston Division, and that such fee is reasonable.