**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | * | **CASE NO. 03-36974-H2-11** |
| **GOLDEN OIL COMPANY** | * | |
| **DEBTOR** | * | **CHAPTER 11** |

**FINAL APPLICATION FOR COMPENSATION**
**FOR THE PERIOD FEBRUARY 1, 2004 THROUGH SEPTEMBER 30, 2004 BY**
**THE LAW FIRM OF HELLER, DRAPER, HAYDEN, PATRICK & HORN, L.L.C.,**
**COUNSEL TO THE COMMITTEE OF UNSECURED CREDITORS**

> IF YOU WANT A HEARING YOU MUST REQUEST ONE IN WRITING, AND YOU MUST RESPOND SPECIFICALLY TO EACH PARAGRAPH OF THIS PLEADING.  YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY (20) DAYS FROM THE DATE YOU WERE SERVED AND GIVE A COPY TO THE PERSON WHO SENT YOU THIS NOTICE. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF.
>
> IF A PARTY REQUESTS EMERGENCY CONSIDERATION, THE COURT MAY ACT EXPEDITIOUSLY ON THE MATTER.  IF THE COURT ALLOWS A SHORTER RESPONSE TIME THAN TWENTY (20) DAYS, YOU MUST RESPOND WITHIN THAT TIME.  IF THE COURT SETS AN EMERGENCY HEARING BEFORE THE RESPONSE TIME WILL EXPIRE, ONLY ATTENDANCE AT THE HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS.  IF AN EMERGENCY HEARING IS NOT SET, YOU MUST RESPOND BEFORE THE RESPONSE TIME EXPIRES.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

NOW INTO COURT, through undersigned counsel, comes Heller, Draper, Hayden, Patrick & Horn, L.L.C. (hereinafter "Heller Draper" or "Applicant"), who makes this final application (the "Application") for: (1) a grant of reasonable compensation for professional services rendered by them from February 1, 2004 through September 30, 2004, and for reimbursement of costs and expenses advanced by them during the same period; and (2) a grant of the compensation herein

02871.17926/122422 v.3

prayed for and of all compensation previously awarded to the Applicant in this case as final; and who with respect represents as follows:

## Relief Sought

1.

By this Application, Heller Draper (the "firm") seeks compensation in the amount of Thirty-Three Thousand Nine Hundred Thirteen ($33,913.00) Dollars for services rendered by them for the period February 1, 2004 through September 30, 2004, and for reimbursement of expenses incurred by them during the same period in the amount of Three Thousand One Hundred Sixty-Three and Forty-Eight Hundreds ($3,163.48) Dollars.

## Background

2.

On May 12, 2003, Golden Oil Company, Debtor herein (the "Debtor"), filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas. The Debtor continued to operate its business and to manage its property as a debtor-in-possession under 11 U.S.C. §§ 107(a) and 1108; and on October 7, 2004, an order entered confirming the Debtor's Third Amended 7 Restated Joint Chapter 11 Plan of Reorganization.

3.

On July 23, 2003, the United States Trustee filed in this case a Notice of Appointment of the Committee of Unsecured Creditors (the "Committee"). By Order entered on September 12, 2003, this Court authorized the Committee to employ Heller Draper as its counsel in this proceeding, and by terms of that Order approved the employment effective from July 23, 2003 for services rendered

by Heller Draper to the Committee on and after that date.   A copy of the Order authorizing the employment of Heller Draper as counsel to the Committee is attached as **Exhibit "A".**

### Jurisdiction and Venue

4.

This Court has jurisdiction over this case and this Application under 28 U.S.C. §§157 and 1334.  Venue of these proceedings and this Application is proper in this District under 28 U.S.C. §§1408 and 1409.

### Statutory Bases For This Application

5.

Heller Draper was employed by the Committee under 11 U.S. C §§327 and 328, and makes this Application under 11 U.S.C. §§, and Federal Rule of Bankruptcy Procedure 2016.

### Prior Compensation In This Case

6.

By order entered on September 27, 2004, after hearing conducted on the firm's first interim application for compensation and on objections thereto and the firm's response to said objections, Heller Draper was awarded fees in the amount of Ninety-Three Thousand Two and Seventy-Five Hundreds ($93,002.75) Dollars and reimbursement of expenses in the amount of Five Thousand Seven Hundred Sixty-Two and Fifty-Seven Hundreds ($5,762.57) Dollars for the period July 23, 2003 through January 31, 2004.

## Fees Rates and Terms of Compensation

7.

Heller Draper has received neither a retainer nor advance payments for the services for which compensation is sought in this Application for the period February 1, 2004 through September 30, 2004. The firm's Disclosure of Compensation Pursuant To 11 U.S.C. §329 And Rule 2016(b), as filed with the Court and a copy of which is attached as **Exhibit "B"**, sets forth the hourly rates charged by the firm's attorneys and paraprofessionals working on the case. Heller Draper is party to no other fee agreement in relation to this case.

## *First Colonial* Criteria For Compensation

8.

In *First Colonial Corp.*, 544 F.2d 1291 (5th Cir. 1977), the Court ruled that the twelve (12) factors found in *Johnson vs. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974), are to be considered when awarding compensation. These factors are:

A.   The time and labor required.

B.   The novelty and difficulty of the questions presented.

C.   The skill required to perform the legal services.

D.   The preclusion of other employment by attorneys due to acceptance of the case.

E.   The customary fee in the community.

F.   Whether the fee is fixed or contingent.

G.   The time limitations imposed by the client or circumstances.

H.   The amount involved and the result obtained.

I.   The experience, reputation and ability of the attorney.

J.   The undesirability of the case.

K.   The nature and length of the professional relationship with the client.

L.   Awards in similar cases.

9.

Heller Draper submits that as applied to the firm's services in this case, the following analysis of *Johnson* factors is appropriate:

A.   <u>The time and labor required</u>

The fees for Heller Draper's services in this case for the period from February 1, 2004 through September 30, 2004 total Thirty-Three Thousand Nine Hundred Thirteen ($33,913.00) Dollars at the firm's hourly rates for 229.20 hours devoted to the representation.  **Exhibit "C"** attached hereto and incorporated by reference herein reflects the time spent and fees sought for the services rendered by the firm's attorneys and paraprofessionals.  The exhibit consists of the firm's monthly billing statements generated from records maintained concurrently with tasks performed.

B.   <u>The novelty and difficulty of the questions presented</u>

This case presented issues of moderate difficulty.

C.   <u>The skills required to perform the legal services</u>

When possible, particular projects were handled by associates and by support personnel.

D.   <u>Preclusion of employment due to acceptance of the case</u>

There was no  preclusion of employment.

E.   <u>The customary fee in the community</u>

Heller Draper believes that its customary fees for the services performed are equal to or below those of other firms in the national bankruptcy community and in this District.

F.       Whether the fee is fixed or contingent

These fees are not on a contingent basis except to the extent that all fees due to counsel for an unsecured creditors' committee in a bankruptcy proceeding are contingent upon the success of the case and the availability of cash.

G.       Time limitation imposed by client or circumstances

There were no time constraints.

H.       The amount involved and the result obtained

As anticipated by the Committee's Amended Application to employ the firm, the scope of services rendered by Heller Draper included assisting the Committee in its investigation of the acts, conduct, assets, liabilities and financial condition of the Debtors; in the formulation of a competing plan of reorganization; and, on request, prosecuting avoidance and other recovery actions on behalf of the estate.  During the period from February 1, 2004 through September 30, 2004, in addition to advising the Committee with respect to routine matters, Heller Draper objected on the Committee's behalf to the Amended Disclosure Statement and to the Third Amended Chapter 11 Plan proposed by the Debtor; continued to participate in negotiated settlements among parties in interest in this case; and maintained, to the extent necessary, the Committee's motions to alter or terminate the exclusive period and for authority to pursue certain avoidance actions on behalf of the estate.

I.       The experience, reputation and ability of the attorneys

Heller Draper believes and respectfully submits that its attorneys are highly regarded as experts in the areas of bankruptcy, insolvency, and corporate reorganization.  The firm has considerable experience in the handling of bankruptcy and insolvency matters on behalf of creditors' committees, and has served as counsel to creditors' committees in other Chapter 11 proceedings.

02871.17926/122422 v.3

J.     The undesirability of the case

No particular factors made this case more undesirable than others.

K.     The nature and length of the professional relationship with the client

The firm has had no relationship with the Committee other than in connection with this case.

L.     Awards in similar cases

Heller Draper submits that an order of compensation on the basis prayed for is consistent

with prior awards granted to other professionals in this case and in other cases in this District, and

is consistent with prior awards granted to the firm in other judicial districts.

10.

This Application is based upon the following hourly rates, as set forth in detail in the billing

statements attached as **Exhibit "C":**

| Attorney/Paraprofessional | Hours | Hourly Rate | Total |
|---|---|---|---|
| Douglas S. Draper | 42.80 | $325.00 | $13,910.00 |
| Douglas S. Draper | 10.00 | 162.50 | 1,625.00 |
| Warren Horn | 10.20 | 275.00 | 2,805.00 |
| Warren Horn | 5.00 | 137.50 | 687.50 |
| Leslie A. Collins | 22.00 | 225.00 | 4,950.00 |
| Linda A. Faucheux | 16.05 | 160.00 | 2,568.00 |
| Greta M. Brouphy | .50 | 200.00 | 100.00 |
| Kelly Fritscher | 4.50 | 80.00 | 360.00 |
| Deborah Hepting | 33.00 | 80.00 | 2,640.00 |
| Mary Dolan | 11.70 | 80.00 | 936.00 |
| Rebecca L. Shambach | 0.75 | 80.00 | 60.00 |
| Angela Serpas | 55.00 | 45.00 | 2,475.00 |
| Almondo Romero | 4.90 | 45.00 | 220.50 |
| Chris Adams | 12.80 | 45.00 | 576.00 |
| **TOTAL HOURS** | **229.20[1]** | **TOTAL FEE** | **$33,913.00** |

---

[1] This total differs from the sum of hours shown on billing statements attached as **Exhibit "C"**, correcting them to add 3.0 hours for Mr. Draper for travel billed at half the actual travel time on 3/8/04 (2.0), 4/22/04 (.50), and 4/23/04 (.50).

11.

Heller Draper has expended various costs in connection with its representation of the Committee during the period from February 1, 2004 through September 30, 2004, for which reimbursement is now sought, as follows:

| **Expenditures** | **Amounts** |
|---|---|
| Toll Call Charges | $14.66 |
| Postage | 2.67 |
| Reproduction - Out-of-Office | 550.33 |
| Reproduction - Office, @ .25 per page | 364.25 |
| Express Mail Deliveries | 37.25 |
| Facsimile, @ $2.00 per item | 70.00 |
| Computer Research Services (PACER) | 46.27 |
| Airfare | 1,489.80 |
| Hotel Expenses | 301.20 |
| Mileage, Parking and Tolls (Airport Parking; Out-of-Town Taxi Fares) | 170.00 |
| Miscellaneous Travel Expenses (Out-of-Town Meals) | 117.05 |
| **TOTAL EXPENSES** | **$3,163.48** |

These costs, including transportation and lodging costs associated with necessary out-of-town travel, are described in detail and itemized by date in the billing statements and accompanying cost summary report attached *in globo* as **Exhibit "C",** and are billed at the firm's customary rates.

**Project Categories: Bankruptcy Local Rule 2016 Considerations**

12.

The work performed by Heller Draper during the period from February 1, 2004 through September 30, 2004 on the Committee's behalf has been categorized for this application into the following six (6) project billing categories, as follows:

A.    Administration

This category includes the usual Chapter 11 administrative functions required of the firm in its representation of the Committee. Efforts during this fee period involved advising the Committee; participating in Committee conferences; appearing in court on the Committee's behalf; and necessary communications with the Committee and with other parties of interest or their counsel.

B.      <u>Litigation</u>

This category treats the firm's efforts with respect to contested matters not included under other project headings. During this fee period, such tasks involved appearing in Court on the Committee's behalf in connection with the Committee's motion for authority to prosecute avoidance actions that the Debtor declined to pursue, and continued communications with the Committee and with other parties of interest or their counsel regarding negotiated settlements.

C.      <u>Plan and Disclosure Statement</u>

This category includes the firm's efforts on the Committee's behalf with respect to the formulation of a viable Chapter 11 plan of reorganization. During this fee period, such efforts involved review of the Debtor's proposed amended disclosure statement and Third Amended Chapter 11 Plan of Reorganization; objecting to same and appearing in Court on the Committee's behalf; drafting pleadings; participating in conferences; and conducting necessary communications relative to same. The firm submits that its efforts in this regard contributed to the equitable treatment of estate creditors in this case.

D.      <u>Claims</u>

This category includes the firm's efforts with respect to claims filed in this case against the bankruptcy estate, and during this fee period included the review of claims or objections to same, and communications and efforts related to the settlement of contested claims.

E.      Retention of Professionals

Included in this category are the firm's efforts with respect to the retention and compensation of professionals in the case.  During this fee period, such efforts addressed the firm's submission of its first interim application for compensation; review of objections filed to the application; preparation and filing of a response to the objections; and appearing and testifying in Court to defend the application.

F.      Travel

This category includes necessary travel time expended by the firm's attorneys.  Working travel time has been billed at the attorney's full hourly rate, while non-working travel time either has been charged at half the attorney's usual billing rate or billed at full rate for half the actual time.

13.

Compensation is sought in the following amounts for these seven (7) project categories as follows:

A.

| Administration | Hours | Hourly Rate | Total |
|---|---|---|---|
| Kelly Fritscher | 4.50 | $80.00 | $360.00 |
| Deborah Hepting | 29.10 | 80.00 | 2,328.00 |
| Angela Serpas | 46.50 | 45.00 | 2,092.50 |
| Almondo Romero | 4.90 | 45.00 | 220.50 |
| Christopher Adams | 12.80 | 45.00 | 576.00 |
| Total Administration | 97.80 | | $5,577.00 |

B.

| Litigation | Hours | Hourly Rate | Total |
|---|---|---|---|
| Douglas S. Draper | 11.85 | $325.00 | $3,851.25 |
| Leslie A. Collins | 7.50 | 225.00 | 1,687.50 |
| Total Litigation | 19.35 | | $5,538.75 |

02871.17926/122422 v.3                                    10

C.

| Plan and Disclosure | Hours | Hourly Rate | Total |
|---|---|---|---|
| Douglas S. Draper | 24.25 | $325.00 | $7,881.25 |
| Leslie A. Collins | 0.50 | 225.00 | 112.50 |
| Greta M. Brouphy | 0.50 | 200.00 | 100.00 |
| Deborah Hepting | 2.10 | 80.00 | 168.00 |
| Angela Serpas | 5.50 | 45.00 | 247.50 |
| | | | |
| Total Plan | 32.85 | | $8,509.25 |

D.

| Claims | Hours | Hourly Rate | Total |
|---|---|---|---|
| Douglas S. Draper | 0.70 | $325.00 | $227.50 |
| Leslie A. Collins | 14.00 | 225.00 | 3,150.00 |
| | | | |
| Total Claims | 14.70 | | $3,377.50 |

E.

| Retention of Professionals | Hours | Hourly Rate | Total |
|---|---|---|---|
| Douglas S. Draper | 6.00 | $325.00 | $1,950.00 |
| Warren Horn | 10.20 | 275.00 | 2,805.00 |
| Linda A. Faucheux | 16.05 | 160.00 | 2,568.00 |
| Deborah A. Hepting | 1.80 | 80.00 | 144.00 |
| Mary Dolan | 11.70 | 80.00 | 936.00 |
| Angela Serpas | 3.00 | 45.00 | 135.00 |
| Rebecca L. Shambach | 0.75 | 80.00 | 60.00 |
| | | | |
| Total Professionals | 49.50 | | $8,598.00 |

F.

| Travel | Hours | Hourly Rate | Total |
|---|---|---|---|
| Douglas S. Draper | 10.00 | $325.00 | $1,625.00 |
| Warren Horn | 5.00 | 137.50 | 687.50 |
| | | | |
| Total Travel | 15.00 | | $2,312.50 |

**WHEREFORE**, Heller Draper prays that an order be entered:

(1) granting to them an allowance in the amount of Thirty-Three Thousand Nine Hundred Thirteen ($33,913.00) Dollars for services rendered by them from February 1, 2004 through September 30, 2004, and of Three Thousand One Hundred Sixty-Three and Forty-Eight Hundreds ($3,163.48) Dollars for expenses incurred during that period, and that they be paid the total sum of Thirty-Seven Thousand Seventy-Six and Forty-Eight Hundreds ($37,076.48) Dollars immediately upon said order for allowance becoming final; and

(2) granting said compensation and all prior allowance of compensation awarded to them in this case as final.

New Orleans, Louisiana, this 3rd day of November, 2004.

Respectfully Submitted,

Douglas S. Draper (La. Bar No. 5073)
**HELLER, DRAPER, HAYDEN, PATRICK &**
**HORN, L.L.C.**
650 Poydras Street, Suite 2500
New Orleans, Louisiana  70130-6103
Phone: (504) 568-1888
Fax: (504) 522-0949
Counsel to Committee of Unsecured Creditors

02871.17926/122422 v.3

12

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | * | **CASE NO. 03-36974-H2-11** |
| **GOLDEN OIL COMPANY** | * | |
| **DEBTOR** | * | **CHAPTER 11** |

**EXHIBIT "C"**

**SUMMARY SHEET:**
**APPLICATION FOR COMPENSATION FOR THE**
**PERIOD FEBRUARY 1, 2004 THROUGH SEPTEMBER 30, 2004**

I.   **Statement Regarding Prior Fee Applications or Awards**

| Order Entry Date | Fees/Expenses Sought | Fees/Expenses Awarded |
|---|---|---|
| 9/27/04 | $102,927.75/ $5,762.57 | $93,002.75/ $5,762.57 |

II.  **Retainer Received or Advance Funds Held**

Heller Draper has received no retainer and holds no advance funds against the award sought.

III. **Compensation Sought For the Period February 1, 2004 through September 30, 2004**:

A.   Fees of $33,913.00 Dollars:

| Attorney/Paraprofessional | Hours | Hourly Rate | Total |
|---|---|---|---|
| Douglas S. Draper | 42.80 | $325.00 | $13,910.00 |
| Douglas S. Draper | 10.00 | 162.50 | 1,625.00 |
| Warren Horn | 10.20 | 275.00 | 2,805.00 |
| Warren Horn | 5.00 | 137.50 | 687.50 |
| Leslie A. Collins | 22.00 | 225.00 | 4,950.00 |
| Linda A. Faucheux | 16.05 | 160.00 | 2,568.00 |
| Greta M. Brouphy | .50 | 200.00 | 100.00 |
| Kelly Fritscher | 4.50 | 80.00 | 360.00 |
| Deborah Hepting | 33.00 | 80.00 | 2,640.00 |
| Mary Dolan | 11.70 | 80.00 | 936.00 |
| Rebecca L. Shambach | 0.75 | 80.00 | 60.00 |
| Angela Serpas | 55.00 | 45.00 | 2,475.00 |

2719.17652.112656.3

13

| | | | |
|---|---|---|---|
| Almondo Romero | 4.90 | 45.00 | 220.50 |
| Chris Adams | 12.80 | 45.00 | 576.00 |
| **TOTAL HOURS** | **229.20** | TOTAL FEE | **$33,913.00** |

B.   Disbursements of $3,163.48:

| **Expenditures** | **Amounts** |
|---|---|
| Toll Call Charges | $14.66 |
| Postage | 2.67 |
| Reproduction - Out-of-Office | 550.33 |
| Reproduction - Office, @ .25 per page | 364.25 |
| Express Mail Deliveries | 37.25 |
| Facsimile, @ $2.00 per item | 70.00 |
| Computer Research Services (PACER) | 46.27 |
| Airfare | 1,489.80 |
| Hotel Expenses | 301.20 |
| Mileage, Parking and Tolls (Airport Parking; Out-of-Town Taxi Fares) | 170.00 |
| Miscellaneous Travel Expenses (Out-of-Town Meals) | 117.05 |
| | |
| **TOTAL EXPENSES** | **$3,163.48** |

IV.   **Individual Contributions to the Representation**

Douglas M. Draper        Mr. Draper led the firm's representation of the Committee, coordinating the efforts of other members, associates, and the staff. During this fee period, in addition to meeting with and advising the Committee, Mr. Draper appeared in court on the Committee's behalf with respect to Committee opposition to the Debtors' proposed disclosure statement and plan of reorganization, with respect to contested proofs of claim, and with respect to the Committee's motions for authority to pursue certain avoidance actions and to alter or to terminate the exclusive period.  In addition, Mr. Draper continued to participate on the Committee's behalf in discrete settlement negotiations.

Warren Horn        Mr. Horn appeared in Court and participated in a telephonic conference with the Court with respect to the firm's first interim application for compensation, objections thereto, the firm's response, and the allowance granted.

| | |
|---|---|
| Leslie A. Collins | Ms. Collins addressed sovereign immunity and prevailing price issues arising under proofs of claim filed; reviewed objections to the Debtor's proposed plan of reorganization; and reviewed the applicability of the automatic stay in specific contexts. |
| Linda A. Faucheux | Ms. Faucheux prepared the firm's first interim application for compensation, reviewed and responded to objections to the application, and communicated with the Court and with counsel for other parties in interest regarding same. |
| Greta M. Brouphy | Ms. Brouphy communicated with a creditor regarding Plan ballot matters and the status of the case. |
| Kelly Fritscher | Ms. Fritscher reviewed and organized pleadings, correspondence and other documents, creating finding aids for same. |
| Deborah Hepting | Ms. Hepting worked closely with Mr. Draper and others within the firm to prepare pleadings and related documents and exhibits; to address filing, service, scheduling, and procedural matters; and to communicate with other parties of interest or their counsel regarding the case. |
| Mary Dolan | Ms. Dolan worked on the preparation of the firm's first interim application for compensation, and addressed filing and service issues regarding same. |
| Rebecca L. Schambach | Ms. Schambach worked on the preparation of the firm's first interim application for compensation. |
| Angela Serpas | Ms. Serpas reviewed and organized pleadings, correspondence and other documents, creating finding aids for same. |
| Almondo Romero | Mr. Romero coordinated the receipt and distribution of pleadings and related documents. |
| Chris Adams | Mr. Adams coordinated the receipt and distribution of pleadings and related documents. |

### EXHIBIT "D" - SUMMARY SHEET

| | |
|---|---|
| **Name of Applicant:** | Heller, Draper, Hayden, Patrick & Horn, L.L.C. |
| **Role in Case:** | Counsel to Committee of Unsecured Creditors |

| | | |
|---|---|---|
| **Current Application:** | Fees Requested: | $ 33,913.00 |
| | Expenses Requested: | $3,163.48 |

In Re: )
)               Fees Previously Requested: $102,927.75
)               Fees Previously Awarded:   $ 93,002.75

Golden Oil Company )
Debtor )               Expenses Previously Requested: $5,762.57
                       Expenses Previously Awarded:   $5,762.57

Retainer:               NONE

## FEE APPLICATION

| NAMES OF ATTORNEYS AND PARA PROFESSIONALS | YEAR ADMITTED | HOURS BILLED | RATE | TOTAL FOR APPLICATION |
|---|---|---|---|---|
| **PARTNERS:** 90.00 hrs. | | | | |
| Douglas S. Draper* | LA-1975; DC-1990 | 42.80 | $325.00 | $13,910.00 |
| Douglas S. Draper | | 10.00 | 162.50 | 1,625.00 |
| Warren Horn | LA-1984 | 10.20 | 275.00 | 2,805.00 |
| Warren Horn | | 5.00 | 137.50 | 687.50 |
| Leslie A. Collins | LA-1984 | 22.00 | 225.00 | 5,500.00 |
| **ASSOCIATES:** 16.55 hrs. | | | | |
| Linda A. Faucheux | LA-1993 | 16.05 | 160.00 | 2,568.00 |
| Greta M. Brouphy | LA-1999 | .50 | 200.00 | 100.00 |
| **PARAPROFESSIONALS:** 122.65 hrs. | | | | |
| Kelly Fritscher | | 4.50 | 80.00 | 360.00 |
| Deborah Hepting | | 33.00 | 80.00 | 2,640.00 |
| Mary Dolan | | 11.70 | 80.00 | 936.00 |
| Rebecca L. Schambach | | 0.75 | 80.00 | 60.00 |
| Angela Serpas | | 55.00 | 45.00 | 2,475.00 |
| Almondo Romero | | 4.90 | 45.00 | 220.50 |
| Chris Adams | | 12.80 | 45.00 | 576.00 |
| | **TOTAL HOURS** | **229.20** | **TOTAL FEE** | **$33,913.00** |

\* Admitted to practice in the United States District Court, Southern District of Texas.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | * | **CASE NO. 03-36974-H2-11** |
| **GOLDEN OIL COMPANY** | * | |
| **DEBTOR** | * | **CHAPTER 11** |

**AFFIDAVIT**

STATE OF LOUISIANA

PARISH OF ORLEANS

I, DOUGLAS S. DRAPER, a member of the law firm of Heller, Draper, Hayden, Patrick & Horn, L.L.C. named in the foregoing Final Application For Compensation For The Period February 1, 2004 Through September 30, 2004 By The Law Firm of Heller, Draper, Hayden, Patrick & Horn, L.L.C., Counsel To The Committee of Unsecured Creditors, do hereby make solemn oath that the statements contained therein are true according to the best of my knowledge, information and belief.

_____
DOUGLAS S. DRAPER

Sworn to and subscribed before

me, this _____ day of November, 2004.

_____
**NOTARY PUBLIC**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE:                                    *              CASE NO. 03-36974-H2-11

GOLDEN OIL COMPANY                        *

    DEBTOR                                *              CHAPTER 11

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Final Application For Compensation For The Period February 1, 2004 Through September 30, 2004 By The Law Firm of Heller, Draper, Hayden, Patrick & Horn, L.L.C., Counsel To The Committee of Unsecured Creditors, has been served upon the parties on the attached Notice List, properly addressed, via Federal Express, this *3rd* day of November, 2004.

Douglas S. Draper (La. State Bar No. 5073)
Heller, Draper, Hayden, Patrick & Horn, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130
Telephone: (504) 586-1888
Fax: (504) 522-0949

2871.17926.112656.5

Notice List

Golden Oil Company
Attn: T. McElvenny, Jr.
550 Post Oak, S-720
Houston, TX  77056

Peter Johnson
Law Offices of Peter Johnson
Eleven Greenway Plaza
2820 Summit Tower
Houston, TX  77046

Hector Duran
Office of the U.S. Trustee
515 Rusk Street, Suite #3516
Houston, TX 77002

George O. Lotspeich
4011 Mesa Verde
NE Albuquerque, NM  87110

Christopher D. Shaw
Dolan & Domenici, P.C.
6100 Seagull St. NE, Suite 205
Albuquerque, NM  87109

Edward L. Rothberg
Hugh M. Ray, III
Wecer, Kaplan, Pulaski & Zuber
11 E. Greenway Plaza
Suite 1400
Houston, TX 77046

Nortex Corporation
Attn: Al Dugan
1415 Louisiana, Ste. 3100
Houston, TX 77002

Energen Resources fka
Taurus Exploration
Attn: Jone (Rusty) Cook
605 Richard Arrington, Jr.
Blvd. N.
Birmingham, AL 35203-2707

Philip Eisenberg, Esq.
Elizabeth Freeman, Esq.
Locke, Liddell & Sapp, LLP
600 Travis Street
3400 Chase Tower
Houston, TX 77002

19

2871.17926.112656.5

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| **Golden Oil Company** | § | CASE NO. **03-36974-H2-11** |
| *a Delaware Corporation* | § | |
| | § | |
| DEBTOR | § | (CHAPTER 11) |

**ORDER AUTHORIZING THE COMMITTEE OF UNSECURED CREDITORS TO
EMPLOY HELLER, DRAPER, HAYDEN, PATRICK & HORN, L.L.C. AS COUNSEL**

The Court having considered the Amended Application for Authorization to
Employ Heller, Draper, Hayden, Patrick & Horn, LLC as Counsel for the
Committee of Unsecured Creditors Pursuant to 11 U.S.C. §327(a) and Fed. R.
Bankr. P. 2014(A) (the "Application") and it appearing that the employment of counsel
is necessary and is in the best interest of the estate, it is:

**ORDERED** that the Committee is authorized to employ Heller, Draper, Hayden,
Patrick & Horn, LLC with Douglas S. Draper, designated as lead attorney, to perform
legal services for the Committee of Unsecured Creditors as outlined in the Application
with compensation to be paid from the Debtor's estate pursuant to sections 330 and
331 of the Bankruptcy Code.  It is further

**ORDERED** that the employment of Heller, Draper, Hayden, Patrick & Horn,
L.L.C. is approved effective as of the date of the Notice of the Appointment of
Committee of Unsecured Creditors, July 23, 2003, for services rendered on and after
that date.

104235.1

48

**EXHIBIT**

*A*

SIGNED this _12th_ day of _September_ 2003.


_Wesley W. Steen_

WESLEY W. STEEN
UNITED STATES BANKRUPTCY JUDGE


ENTRY REQUESTED:


George Lotspeich
4011 Mesa Verde
NE Albuquerque, NM 87110
Telephone: 505-838-6461
Fax: 505-266-2900

Chairman for the Committee of
Unsecured Creditors


104235.1

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| **Golden Oil Company** | § | CASE NO. **03-36974-H2-11** |
| *a Delaware Corporation* | § | |
| | § | |
| DEBTOR | § | (CHAPTER 11) |

### DISCLOSURE OF COMPENSATION
### PURSUANT TO 11 U.S.C. § 329 AND RULE 2016(b)

Pursuant to 11 U.S.C. § 329 and Rule 2016(b) of the Federal Rules of Bankruptcy

Procedure, Heller, Draper, Hayden, Patrick & Horn, L.L.C., ("Heller Draper"), proposed

counsel for the Committee of Unsecured Creditors, (the "Committee"), hereby submits this

statement disclosing the method by which Heller Draper has agreed to be paid for services

rendered or to be rendered in contemplation of and in connection with its services in the

above-styled chapter 11 case, and the source of such compensation:

      1.      Heller Draper has not received a retainer in this matter.  Heller Draper

expects to be compensated for its services during the pendency of this chapter 11 case

pursuant to terms as outlined in the Application for Approval of Employment of Counsel for

Committee of the Unsecured Creditors.

      2.      The hourly rates for the attorneys are as follows:  (i) Douglas S. Draper

(member) - $350.00, (ii) Jan M. Hayden (member) - $350.00, (iii) Constant G. Marquer, III

(member) - $275.00; (iv) Leslie A. Collins (member) - $250.00, and (v) Greta M. Brouphy

(associate) - $200.00. The hourly rate for paralegals performing services is $80.00 per

hour.  From time to time, Heller Draper may engage the services of other member,

EXHIBIT
B

attorneys and staff who are not listed. The hourly rate for said employees or members will not exceed the above outlined rates. The hourly rates as set forth, are subject to periodic adjustments to reflect economic and other conditions.

3.    Heller Draper does not have any other fee agreement in this case with the Debtor, the Committee, or any other party.

Dated this ___13___ day of _August_ 2003.

Respectfully submitted,

_____
DOUGLAS S. DRAPER, #5073
Heller, Draper, Hayden, Patrick & Horn, LLC
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130
Telephone: 504-581-9595
Fax: 504-525-3761

Proposed Counsel for Committee of
Unsecured Creditors

## CERTIFICATE OF SERVICE

In compliance with local rule 9013, I hereby certify that a copy of the Disclosure of Compensation Pursuant to 11 U.S.C. § 329 and Rule 2016(b), has been served upon those parties listed on the attached mailing matrix _via_ U.S. Mail, first class with pre-paid postage on the _13_ day of _August_ 2003.

_____
Greta M. Brouphy (LSBA # 26216)
Heller, Draper, Hayden, Patrick & Horn, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130
Telephone:(504) 581-9595;Facsimile:(504) 525-3761

02660.17503.104262.1                                            2