IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | CASE NO. 03-36974-H2-11 |
| GOLDEN OIL COMPANY, | § | |
| | § | |
| Debtor. | § | |

**OPPOSITION OF THE UNITED STATES (MMS) TO
DEBTOR'S SECOND MOTION TO MODIFY/VACATE PROTECTIVE ORDER**

The United States of America, on behalf of its agency, the Department of the Interior

Minerals Management Service (MMS), files this Opposition to Debtor's Second Motion to

Modify/Vacate Protective Order (Docket No. 441), showing as follows:

Background

1. On October 27, 2003, MMS filed  Proof of Claim No. 63 in the amount of $2,974,546.82

for unpaid royalties and interest pursuant to an Order to Perform issued by MMS on May 27, 1998.[1]

The Order to Perform directed Chace Oil, Debtor's predecessor, to undertake a major portion

analysis and dual accounting to determine the value of production for royalty purposes under the

terms of federal leases and regulations and to pay any additional amounts owed for the period 1984-

1995.[2]  Debtor and other affiliated entitles objected to the MMS claim.  Ultimately, on or about

October 11, 2004, MMS withdrew its proof of claim.  Shortly thereafter, in December of 2004, the

Debtor filed its Second Motion To Modify/Vacate Protective Order (Debtor's Motion to Vacate").

---

[1]     MMS originally filed proof of claim No. 22 in the amount of $726,157.28 which
was amended by Claim No. 63 on October 27, 2003.

[2]     "Major portion" and "dual accounting" are described in detail in MMS's Motion
for Partial Summary Judgment filed on June 14, 2004. (Docket No. 328)

2.   In the course of the claim objection proceeding, on July 9, 2004, the Parties negotiated and filed a joint motion for entry of a stipulated protective order in an effort to expedite discovery requests filed by the Debtor that encompassed a large volume of records scheduled for production on July 13, 2004.  The Court approved the "Agreed Protective Order" ("APO")(Docket No. 359) on July 12, 2004.   In the documents produced pursuant to the APO were confidential financial information of third-parties (i.e., Jicarilla Apache Nation sales data) protected by the Trade Secrets Act, 18 U.S.C. § 1905, and information protected from disclosure under the Privacy Act, 5 U.S.C. § 552(a).

3.   The APO contains three provisions relevant to the Court's current consideration of Debtor's motion to vacate.  First, Section 1 of the APO provides that any documents designated as "confidential" or "For Counsel Only" "shall be used solely for the purpose of preparation and trial of the claim objection or superceding litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof."[3]

4.   Second, the Order sets out a procedure to follow in challenging the propriety of "Confidential" or "For Counsel Only" designations.  Paragraph 9 of the Order states as follows:

> In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party . . . the objecting party may object in writing to the party who has designated the document as "Confidential" or "For Counsel Only" . . . . The designating party shall be required to move the Court for an order preserving the designated status of such information within fourteen (14) days of receipt of the written objections, and failure to do so shall constitute a termination of the restricted status of such item.

---

[3] "Classified Information" is used in the Order as a global term for protected documents. APO ¶ 2.

5.  Third, the Order specifies procedures for the return of all classified documents after the claim objection proceeding concludes.  It provides:

> Within one-hundred twenty (120) days after conclusion of this claim objection (including any appeals involving the legitimacy of the claims involved) any document and all reproductions of documents produced by a party, in the possession of any of the persons qualified under Paragraph 3(a) through (d) shall be returned to the producing party, except as this Court may otherwise order or to the extent such information was used as evidence at the trial.  As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this contested matter, except (a) that there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal, and (b) that a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders.

## ARGUMENT

6.  Many Courts have held that a high burden should be placed on the moving party who wishes to retroactively modify an agreed protective order.  The moving party must justify such modifications and explain to the Court its reasoning.  City of Hartford v. Chase, 942 F.2d 130, 135-136 (2nd Cir. 1991); Pansy v. Borough of Stroudsberg, 23 F.3d 772, 790 (3rd Cir. 1994); United States v. Kentucky Utils. Co., 927 F.2d 252, 255 (6th Cir. 1991).  Similarly, a party that agrees to restrictions, and thereby induces a broad discovery should not lightly be permitted to subsequently avoid those limitations and disseminate the discovery, particularly when the party could have foreseen the need to modify at the time it negotiated the stipulation." Boyer AG & Miles Inc. v. Barr Labs, Inc., 162 F.R.D. 456, 464-467 (S.D.N.Y. 1995).[4]

---

[4]    No Fifth Circuit have been located by the undersigned counsel  involving joint protective orders and specifically the burden associated with modifying such an order.  As cited above, the Second, Third, and Sixth Circuits have adopted a stringent standard for granting

7. Here, having enjoyed the benefits of the APO, the Debtor now seeks to have it vacated or modified. The motion comes after the MMS has, in good faith, relied on the APO and, in a cooperative effort to facilitate the litigation, produced in excess of 50,000 pages of documents, including those containing confidential gas sales data for the Jicarilla Apache Nation, the lessor in the transactions with Chace and Golden. The Court should reject each of the Debtor's rationales for modifying or vacating the APO because they fail to justify or provide sufficient reasons for undermining MMS's reliance on the APO in its production of confidential materials.

8. Golden Oil asserts a need for the protected information in "looming" litigation regarding issues of major portion pricing. The assertion is without merit. The debtor has identified no "looming" litigation nor even potential further litigation. In this case, the May 27, 1998 Order to Perform, which formed the basis of MMS's claim in this Court covering the years 1984-1995, was based on Jicarilla royalty in kind data ("RIK"). The Tribe ceased accepting RIK in July 1995. Thus, for the time frame of July 1995 through December 1999, a new methodology would have to be developed for the valuation of royalties owing to the Jicarilla Tribe by claimant, one that, by necessity, would not be the same as the methodology for the 1984-1995 period. Furthermore, beginning in January 2000, new Indian gas regulations became effective. The new regulations

modification. Other circuits have adopted less stringent standards depending on the circumstances involved. Public Citizen v. Liggett Group, Inc., 858 F.2d 775, 791 (1st Cir. 1988), cert. denied, 488 U.S. 1030, 109 S.Ct.838, 102 L.Ed.2d 970 (1989); Beckman Indus., Inc. v. International Ins. Co., 966 F.2d 470, 475-76 (9th Cir.); Meyer Goldberg, Inc. of Lorain v. Fisher Foods, Inc., 823 F.2d 159, 163-64 (6th Cir. 1987). In Liggett, the Court did not utilize a more stringent standard in light of the fact that there were no confidential documents involved. Rather, the trial court entered the protective order to mitigate pre-trial publicity. In Beckman, there was little evidence of reliance by the party opposing modification. Finally, the Court in Goldberg held that where there were secret or confidential documents, the party seeking modification would be required to show why the secrecy interests deserve less protection now than when the Order was entered. In the present case, the Debtor has failed to meet the Goldberg test as well.

-4-

substitute an index price calculation for value, eliminating major portion altogether except in those instances where a tribe opts out of the process.   The Jicarilla did not opt out.   Therefore, the information gathered during the discovery process covered by the APO, while still confidential to the Tribe, would be irrelevant to any future major portion analysis that might occur.   Thus Debtors looming litigation premise for the Motion to Vacate is without merit.

9.   A further premise for Debtors motion is that destruction of the confidential documents will require that they be recreated, which may not be possible.  This premise is equally false.  The MMS is required to keep the documents produced in discovery in this matter because they constitute Indian trust records.  March 20, 2002 Memorandum from J. Steven Griles, Deputy Secretary of the Interior to All Interior Employees.  If required, these records could again be made available to appropriate parties in the future.   Thus there is no realistic risk of destruction or loss of the documents in question and, therefore, no need for the Debtor's requested modification of the APO regarding the agreed-upon return of confidential documents.

10.   In the course of its motion, the Debtor also makes several bald claims, namely, that the MMS recalculation was "incorrect" and "illegal," that there is "almost" no confidential information among the 50,000 pages, and that the information produced is "only minimally prejudicial." Debtor's Motion to Vacate pp. 2-3.  These unsupported claims should not be deemed sufficient to form the basis for vacating or modifying the APO.

11.   Finally, beyond the reference to depositions taken in the course of the claims litigation, Debtor does not identify the specific documents produced by MMS that it claims should not be

protected as confidential.  Indeed the tenor of debtor's motion is sweeping and generalized.[5]  Debtor having negotiated and stipulated to the APO, should be required to follow its governing provisions, particularly Section 9 of the APO -- providing that a party objecting to a confidentiality designation should raise the objection in writing to the party who designated the document or information as confidential -- rather than seeking the broad relief that it is now requesting in the Court.  Moreover, Debtor should be required to identify specific objections to particular confidential material.  In the absence of compliance with Section 9, Debtor should be required to follow Section 13 of the APO, under which "any documents and all reproductions" of confidential documents should be returned to the producing party.

12.  Should the Debtor be allowed to maintain its generalized request, however, the Court should provide the Claimant with sufficient time to review each of the documents produced under the APO.  Through such a review process, the Claimant would determine, with particularity, which documents should continue to be protected by the order as confidential under the Trade Secrets Act, Privacy Act, or some other basis, and would thereby narrow the potential disagreements with the Debtor regarding the status of individual documents.

<u>CONCLUSION</u>

For all the foregoing reasons, the United States urges that Debtors Motion to Vacate be DENIED.

Respectfully submitted,

---

[5]     Golden's prayer for relief is also unclear, requesting on Page 1 of the motion to vacate that the Court "unseal the depositions and preserve non-confidential documents," while at the conclusion requesting that the Court "vacate its protective order, unseal any deposition testimony, and allow destruction of "attorney only" documents."  Debtors Motion to Vacate, pp. 4-5.

Thomas L. Sansonetti
Assistant Attorney General

**_By Judy A. Robbins w/ permission_**
RUTH ANN STOREY
U.S. Department of Justice
Environment and Natural Resources
   Division
P.O. Box 663
Washington, D. C.  20044-0663
(202) 305-0493 (Phone)
(202) 305-0506 (Fax)

MICHAEL T. SHELBY
UNITED STATES ATTORNEY

BY:   **_/s/ Judy A. Robbins_**
JUDY A. ROBBINS
ASSISTANT US. ATTORNEY
TBN: 16984550
Fed. Id. 3177
910 Travis,  Suite 1500
P.O. Box 61129
Houston, Texas 77208
(713) 567-9510 (Phone)
(713) 718-3303 (Fax)

OF COUNSEL:

Stephen L. Simpson
Division of Indian Affairs
Office of the Solicitor
Department of the Interior
1849 c Street, NW
Mail Stop 6456 - MIB
Washington, D.C. 20240
(202) 291 - 1659
(202) 208 - 3490

<u>CERTIFICATE OF SERVICE</u>

-7-

I hereby certify that a true and correct copy of the foregoing Opposition of the United States (MMS) to Debtor Second Motion to Modify/Vacate Protective Order was served on Movant's counsel, Hugh M. Ray, III, and to the parties on the attached service list by the ECF system or regular mail on January 14, 2004.

*/s/ Judy A. Robbins*
Judy A. Robbins
Assistant United States Attorney

-8-