UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| GOLDEN OIL COMPANY, | § | CASE NO.: 03-36974-H2-11 |
| | § | (Chapter 11) |
| | § | |
| DEBTOR. | § | |

## MOTION TO ENFORCE SETTLEMENT

**IF YOU WANT A HEARING, YOU MUST REQUEST ONE IN WRITING, AND YOU MUST RESPOND SPECIFICALLY TO EACH PARAGRAPH OF THIS PLEADING. YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY DAYS FROM THE DATE YOU WERE SERVED AND GIVE A COPY TO THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF.**

**IF A PARTY REQUESTS EMERGENCY CONSIDERATION, THE COURT MAY ACT EXPEDITIOUSLY ON THE MATTER. IF THE COURT ALLOWS A SHORTER RESPONSE TIME THAN TWENTY DAYS, YOU MUST RESPOND WITHIN THAT TIME. IF THE COURT SETS AN EMERGENCY HEARING BEFORE THE RESPONSE TIME WILL EXPIRE, ONLY ATTENDANCE AT THE HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS. IF AN EMERGENCY HEARING IS NOT SET, YOU MUST RESPOND BEFORE THE RESPONSE TIME EXPIRES.**

NOW COMES Energen Resource Company ("Energen"), by and through its counsel of record, and files its Motion to Enforce Settlement and sets forth the following:

1.      This Court has jurisdiction over this case pursuant to 28 U.S.C. § 157, 1334.  This case is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue of this motion is proper in this district pursuant to 28 U.S.C. § 1409.

3.      The Third Amended Disclosure Statement referring to the Third Amended and Restated Joint Point of Reorganization (the "Plan") was approved by the Court on April 23, 2004.  On May 26, 2004, a proposed modification and motion to approve the modification was filed.  Thereafter, on May 27, 2004, a proposed amended modification to Plan paragraph 6.13 was filed.  *See* Exhibit "A"

4.      On May 28, 2004, this Court heard testimony, arguments of counsel and considered the evidence, objections and responses of the parties.  Thereafter, on October 6, 2004, the Court resolved certain outstanding claims and entered an Order confirming the Third Amended and Restated Joint Plan of Reorganization, as modified, by the Debtor Golden Oil Company ("Golden") and Ralph T. McElvenny, Aeropanel Corporation, Inc. and Instrument Specialties Company. This Order, attached hereto as Exhibit "B," contained approval of the Amended Plan Modification which evidenced the Settlement Agreement between Energen and Golden ("Confirmation Order").

5.      In addition, on October 6, 2004, during the confirmation hearing, certain aspects concerning the implementation of this settlement and getting the documents in place were detailed into the record and agreed to between Energen and Golden.[1]  A copy of portions of the October 6, 2004 transcript is attached as Exhibit "C."

---

[1] As noted in *In re Paolino,* 78 B.R. 85, 88 (Bankr. E.D. Penn. 1987), a "settlement agreement as read into the record in open court…constitutes a valid, binding and enforceable settlement agreement."  "An agreement to settle a lawsuit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing."  *Id.* at 89.

6.     Thereafter, Energen worked diligently with counsel for Golden and Mr. McElvenny to finalize and execute the documents necessary to perfect the security interests described in the Settlement Agreement, which is made part of the Plan, and also to obtain funding for the plugging and abandonment costs into the escrow account, pursuant to the Escrow Agreement and as more fully set forth in the Settlement Agreement.[2]   Copies of the last documents circulated after various discussions among counsel are attached as Exhibit "D," along with a covering email detailing these documents dated April 18, 2005.

7.     Thereafter, counsel for Energen was notified that Mr. Rothberg's firm had been removed as counsel with regard to finalizing these agreements and that a new counsel from the State of Oklahoma was retained by Golden.   After a series of communications, Energen's counsel was notified by Golden's "new counsel" that Mr. McElvenny, himself, was going to address the closing documentation.   To date, we have had no communications with Mr. McElvenny concerning the necessary documentation.

8.     In addition, on information and belief, certain specifics of the settlement and subsequent agreements have not been performed by Golden and Golden is currently in default under the joint operating agreement which was to be assumed and cured by virtue of the settlement and the performance of the settlement terms.

9.     Pursuant to paragraph 46 of the Confirmation Order (Exhibit "B"), "this Court retained jurisdiction (i) to enforce and implement the terms and provisions of the Plan and this Order, all amendments thereto, any waivers, and consents herein provided, and any agreements

---

[2]   The fact that these ancillary documents remained to be executed does not affect the enforceability of the parties' settlement, even where there is only an oral agreement between the parties.  "The fact that ancillary documents need to be drafted does not prevent an oral agreement from being enforced."   *In re Dragone*, 318 B.R. 33, 35 (Bankr. D. Conn. 2004).  Even the Fifth Circuit has noted, applying Texas law, that even in the absence of a written settlement, which is not the case here, an oral pronouncement of a settlement will suffice to make its terms enforceable between the parties.  "Under Texas Rule of Civil Procedure 11, no agreement between attorneys or parties touching any suit will be enforced unless it be in writing, signed and filed with the papers as part of the record, **or unless it be made in open court and entered of record.**"   *In re Omni Video, Inc.*, 60 F.3d 230, 232 (5th Cir. 1995) (internal quotations omitted; emphasis added).

executed in connection herewith… (iii) to resolve any disputes arising under or related to this Order or the Plan, and (iv) to interpret, implement and enforce the provisions of this Order."[3]

WHEREFORE, based on the foregoing, it is requested that this Court hold a hearing and order the following:

1.     Golden Oil Company and Mr. Ralph T. McElvenny are required to and shall execute the necessary documentation attached in Exhibit "D" hereto;

2.     Golden Oil Company and Mr. Ralph T. McElvenny are ordered to cure all defaults and implement the settlement in accordance with the terms and specifics made part of the settlement in the October 6, 2004 transcript;

3.     Golden Oil Company and Mr. Ralph T. McElvenny are ordered to deposit into the Escrow Agreement all funds that have been required under the settlement; and

4.     Any further relief to which Energen Resources Corporation is entitled which is just and equitable under the circumstances including attorneys' fees and costs.

Respectfully submitted,

By:___/s/ Philip G. Eisenberg_____
        Philip G. Eisenberg
        State Bar No. 24033923
        Mark A. Chavez
        State Bar No. 24036357
        Federal I.D. No. 33112
        600 Travis Street, Suite 3400
        Houston, Texas  77002
        Phone:  (713) 226-1200
        Fax:  (713) 223-3717

Counsel for Energen Resources Company

---

[3] Further, "[i]t is well settled that a trial court has jurisdiction to enforce a settlement agreement made by litigants in a pending case.  The jurisdiction is founded on the strong public policy which favors the settlement of disputes and avoidance of costly and time-consuming litigation."  *In re Paolino,* 78 B.R. at 89.

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| GOLDEN OIL COMPANY, | § | CASE NO.: 03-36974-H2-11 |
| | § | (Chapter 11) |
| | § | |
| DEBTOR. | § | |

**ORDER GRANTING ENERGEN RESOURCE COMPANY'S MOTION TO ENFORCE SETTLEMENT**

On this date the Court considered Energen Resource Company's Motion to Enforce Settlement ("Motion").   It appears to the Court that said Motion is meritorious and should in all respects be **GRANTED.**

**IT IS THEREFORE ORDERED,** that, for the reasons set forth in said Motion the Motion is **GRANTED**.

**IT IS FURTHER ORDERED,** that, within ten (10) days following execution of this order:

1.     Golden Oil Company and Mr. Ralph T. McElvenny are required to fully perform the settlement and shall execute the documentation attached to the Motion as Exhibit "D";

2.     Golden Oil Company and Mr. Ralph T. McElvenny shall cure all defaults and implement the settlement in accordance with the terms and specifics made part of the settlement in the October 6, 2004 transcript attached to the Motion as Exhibit "C";

3.     Golden Oil Company and Mr. Ralph T. McElvenny shall deposit into the Escrow Agreement all funds that have been required under the settlement; and

4.     Golden Oil Company and Mr. Ralph T. McElvenny are **ORDERED** to take no actions inconsistent with the terms of this Order and the settlement.

**IT IS FURTHER ORDERED** that Golden Oil Company and Mr. Ralph T. McElvenny shall pay to Energen Resources Corporation, within ten (10) days of the execution of this Order reasonable attorneys' fees and costs in a total amount of _____ .

SIGNED this _____ day of _____, 2005.


_____
U.S. BANKRTUPCY  JUDGE

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on June 7, 2005 a true and correct copy of the foregoing instrument was served on all parties listed below via U.S. Mail, facsimile and/or other electronic means.

<u>/s/ Mark A. Chavez</u>

MARK A. CHAVEZ

DEBTOR:
Golden Oil Company
550 Post Oak, S-550
Houston, TX  77027

DEBTOR'S ATTORNEY:
Peter Johnson
Law Offices of Peter Johnson
Eleven Greenway Plaza
2820 Summit Tower
Houston, TX  77046

TRUSTEE:
Hector Duran
Office of the U.S. Trustee
515 Rusk Street, Suite #3516
Houston, TX 77002

CREDITORS:
New Mexico Taxation and Revenue
Department
Oil and Gas Bureau
1200 South St. Francis Drive
P.O. Box 5374
Santa Fe, NM  87502
Attn.:  Mr. Valdean Severson

Aeropanel Corporation
550 Post Oak Blvd.
Suite 525
Houston, TX  77027

Instrument Specialties Company, Inc.
550 Post Oak Blvd., Suite 525
Houston, TX  77027

Ralph T. McElvenny, Jr.
550 Post Oak Blvd., Suite 550
Houston, TX  77027

Mineral Management Service
Bureau of Land Management of the Dept. of
the Interior
P.O. Box 5810 T.A.
Denver, CO  80217

State of New Mexico
Oil Conservation Division
1000 Rio Brazos Road
Aztek, NM  87410

Nortex Corporation
1415 Louisiana, Suite 3100
Houston, TX 77002

Taurus Exploration USA
2198 Bloomfield Highway
Farmington, NM  87401

Amoco Production Company
P.O. Box 841521
Dallas, TX  75284

New Mexico & Arizona Land Co.
3033 North 44th Street, #270
Phoenix, AZ  85018

Brown Development
5600 W. Lovers Lane
Suite 305
Dallas, TX  75209

Enron Oil & Gas Co.
P.O. Box 840321
Dallas, TX  75234

Hanson-McBride Petroleum
P.O. Box 1515
Roswell, NM  88201

Scythian, Ltd.
300 N. Marienfeld, Suite 850
Midland, TX  79701

George O. Lotspeich
4011 Mesa Verde N.E.
Albuquerque, NM  87110

Oxy USA, Inc.
P.O. Box 841735
Houston, TX  75284

Ron J. Gordon
4900 Modoc Road
Las Cruces, NM  88011

Davis, Graham & Stubbs
P.O. Box 185
Denver, CO  80201

Triple P Well Services
P.O. Box 107
Farmington, NM  87401

Cimarron Oilfield Services, Inc.
P.O. Box 3235
Farmington, NM  87499

Compressor Systems, Inc.
P.O. Box 841807
Dallas, TX  75284

Jicarilla Apache Nation
P.O. Box 950
Dulce, NM  87528

PARTIES REQUESTING NOTICE:
Christopher D. Shaw
Dolan & Domenici, P.C.
6100 Seagull Street NE, Suite 205
Albuquerque, NM  87109

Robert M. Fiser
Robert M. Fiser, Attorney at Law, P.C.
6100 Seagull Street NE, Suite 205
Albuquerque, NM  87109

John P. Dillman
Linebarger Goggan Blair & Sampson, LLP
P.O. Box 3064
Hosuton, TX  77253-3064

Michael A. Bisone
11939 Brook Meadows
Stafford, TX  77477

Minerals Management Service
Royalty Management Program
Office of Enforcement
P.O. Box 25165, Mail Stop 370b2
Denver, CO  80225
Attn.:  Cherry M. Mallard

James S. Simko
Judith Matlock
Davis Graham & Stubbs LLP
1550 Seventeenth Street, Suite 500
Denver, CO  80202

COUNSEL FOR CREDITORS COMMITTEE:
Douglas S. Draper
Heller Draper Hayden Patrick
       & Horn, LLC
650 Poydras Street
Suite 2500
New Orleans, LA 70130