IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Golden Oil Company | § | CASE NO. 03-36974-H2-11 |
| | § | Chapter 11 |
| | § | |
| Debtor | § | |

**GOLDEN OIL'S MOTION TO EXTEND TIME FOR FILING A NOTICE OF APPEAL, OR, ALTERNATIVELY, TO ALTER AND AMEND ORDER UNDER RULE 9023**
**(Relates to Docket #560)**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 20 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.
REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.
**THERE WILL BE A HEARING ON THIS MOTION ON JUNE 19, 2006 AT 3:00 P.M. IN COURTROOM 400, 515 RUSK, HOUSTON, TEXAS 77002.**

TO THE HONORABLE WESLEY W. STEEN, U.S. BANKRUPTCY JUDGE:

Golden Oil Company ("Golden") does not contend that the Court's Order ("Order" Docket #560) is yet a final, appealable order. Yet, others will argue that the Order is a final order, such that the appellate deadline has begun to run. Golden is also unsure whether the documents required by the Order will be cause for appeal. However, Golden does not want to waive appellate rights should Golden be required to appeal, and because there is a crucial error in the Order that can be summarily addressed, Golden also asks (in the alternative) that the Court amend the Order.

{L:\gol051\00001\0402180.DOC;1\HMR}

## **"Instructions not to Object" - Justifies Extension of Time to Appeal**

1. The Court, in its findings, stated "The Court specifically instructs counsel not to make any objection to the Court's instructions and conclusions at this time." The Court clearly did not intend to enjoin an appeal, however. The Court actually intended to <u>preserve</u> appellate rights. Yet, without an extension of the deadline to file a notice of appeal, the Court's instructions may act as an order not to appeal the Order, or otherwise prejudice a future appeal.

2. The appellate deadline runs May 31, 2006, and the Court's order requires documents to be submitted by June 9. There is no provision in the Court's order extending the time for a notice of appeal.

3. Moreover, Golden Oil is unsure that it will appeal the ruling.

4. Pursuant to Fed. R. Bankr. P. 8002(c)(2), the Court may extend the time for filing a notice of appeal up to 20 days from the deadline (which would be June 20, 2006), or 10 days from the date of the order granting the extension, whichever is later.

5. The usual standard applied to judge a motion for extension of time is:

(1) whether appellant is seeking extension for a proper purpose;

(2) the likelihood that need for extension will be met if motion is granted;

(3) the extent to which granting extension would inconvenience court and appellee or unduly delay administration of the bankruptcy case; and

(4) extent to which appellant would be harmed if motion were denied.

*Nugent v Betacom of Phoenix, Inc. (In re Betacom of Phoenix, Inc.)* 250 BR 376 (9th Cir. B.A.P. 2000).

6. Here, the purpose of this motion is to accomplish this court's intent. If the Court extends the deadline to appeal to June 20, 2006 or beyond, it would be possible to meet the Court's requirements for compilation of documents and a hearing before the appeal deadline runs.

7. The extension will not unduly delay the bankruptcy case, as the bankruptcy has been otherwise concluded. If the motion is denied, then Golden is harmed because it is forced to appeal the order before documents are even prepared, and before any objection is ripe. There is no inconvenience to any party by the extension.

8. If the Court grants the present Motion, and the appellate deadline is extended to June 20 (or some other date after June 19 but within 10 days of said order), then Golden will know what the agreement is, and whether Golden needs to appeal. equities weigh heavily in favor of extending the appellate deadline.

### Motion to Alter or Amend - in the Alternative

9. Mindful of the Court's instructions not to object to its order, Golden Oil moves this court to alter its judgment primarily to keep an avenue of appeal open, if needed. While the primary intent is to extend the appellate deadline, there is a meritorious reason for this court to amend its order.

10. In Docket #560, the Court has ordered Golden Oil Company to grant a lien to Energen on "the Contract 47 wells", which are oil wells located on a non-treaty Indian Reservation.

11. Golden Oil Holding Co., Inc. is the operator and Golden Oil is a working-interest owner in the wells. Neither company is the owner, lessee or lessor of the wells. Golden Oil Holding operates under a farmout agreement. Golden Oil and Golden Oil Holding do not own the wells themselves and cannot pledge the wells. Moreover, the "owners" of the wells who could grant a lien on the wells themselves is either the U.S. Government or (perhaps) Energen.

12. Presumably, this Court intended that Golden Oil's working interests be the subject of the lien.

13. Under Fed. R. Civ. P. 59, as incorporated into the Bankruptcy Process under Fed. R. Bankr. P. 9023, the trial court may correct an error in its judgment without implicating the appellate process. Golden would ask that, if the Court does not extend the deadline to appeal, the Court change wells to "working interests", or make other similar amendment.

WHEREFORE, PREMISES CONSIDERED, Golden Oil requests this Court extend the time for filing a notice of appeal to June 20, 2006 or, in the alternative, alter or amend the order entered as Docket #560.

Dated May 30, 2006

    Respectfully submitted,

    WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

    By: _____
        EDWARD L. ROTHBERG
        State Bar No. 17313990
        HUGH M. RAY, III
        State Bar No. 24004246
        Fed. I.D. No. 22090
        Eleven Greenway Plaza, Suite 1400
        Houston, Texas 77046
        Telephone: (713) 961-9045
        Facsimile:  (713) 961-5341

    ATTORNEYS FOR GOLDEN OIL

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded via e-mail facsimile and/or first class regular mail, postage prepaid, on May 30, 2006 to counsel for Energen at the following address:

Phil Eisenberg,
600 Travis, Suite 3500
Houston, TX 77002

    _____/s/ Hugh M. Ray, III_____
    Hugh M. Ray, III