IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Golden Oil Company | § | CASE NO. 03-36974-H2-11 |
| | § | Chapter 11 |
| | § | |
| Debtor | § | |

### GOLDEN'S SUBMISSION OF PROPOSED DOCUMENTS IN ACCORDANCE WITH THE COURT'S MAY 22, 2006 ORDER

Golden Oil Company ("Golden"), through undersigned counsel, files this Submission of Proposed Documents in Accordance with the Court's May 22, 2006 Order and respectfully shows as follows:

1. Pursuant to the Court's May 22, 2006 Memorandum Findings of Fact and Conclusions of Law and Order for Enforcement of Settlement Agreement [Doc. No. 562] ("Memorandum"), Golden submits the following proposed documents for the Court's review "red-lined" as instructed. Specifically, Golden's additions are in **bold blue type**, and Golden's deletions are in light green strikeout type. All black test is from Energen's submission.

   Exhibit A: Mr. Sellers' summary of changes and issues to be resolved including e-mail from Energen's counsel agreeing to certain documents submitted herein (in form similar to Energen's "summary of changes").

   Exhibit B: A single PDF file containing the following documents

   1. Agreement Implementing Compromise Pursuant to Amended Plan Modification

   2. Escrow Agreement (Golden's draft attached is acceptable to both)

   3. Lien Statement (Golden's draft attached is acceptable to both)

   4. Memorandum of Operating Agreements (Golden's draft attached is acceptable to both)

   5. Letter in Lieu

{L:\gol051\00001\0403637.DOC;1\NLJ}

      6.      Subordination Agreement

      7.      Mortgage, Assignment of Production, Security Agreement and Financing Statement

      8      UCC Financing Statements (3)

2.      Golden presents the attached documents for the Court's review and believes that these documents conform with the Court's Memorandum Opinion dated May 22, 2006.

3.      Specifically, Golden's changes are the result of this Court's instructions to 1) <u>delete paragraph a on page 4</u>[1] (the paragraph expands defaults to include escrow defaults -- Energen has now agreed to this deletion, but still wants "monetary" defaults in the mortgage and "acceleration" provisions, which are unrelated to a default based on failure to plug wells) and 2) <u>the amount secured by the mortgage shall not exceed $15,000 per well in the 47 lease</u> (Energen's drafts of the disputed documents secure more than $15,000 per well and also may include wells outside the 47 lease).

DATED: June 14, 2006.

      Respectfully submitted,

      WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

      By:_____ *Hugh M. Ray, III*_____
      HUGH M. RAY, III
      State Bar No. 24004246
      Federal I.D. No. 22090
      Eleven Greenway Plaza, Suite 1400
      Houston, Texas 77046
      Telephone: (713) 961-9045
      Facsimile:  (713) 961-5341
      ATTORNEYS FOR GOLDEN OIL COMPANY

---

[1] Energen's original submission did not delete paragraph a on page 4.
{L:\gol051\00001\0403637.DOC;1\NLJ}

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been forwarded via e-mail, facsimile and/or first class regular mail, postage prepaid, on June 14, 2006 to counsel for Energen at the following address:

Phillip G. Eisenberg
Mark A. Chavez
600 Travis, Suite 3400
Houston, TX 77002

                                          ____/s/ Hugh M. Ray, III____
                                             Hugh M. Ray, III